Rutherford *v.* Swink.

RUTHERFORD *v.* SWINK.

(*Jackson.*    April 27, 1896.)

1. MUNICIPAL CORPORATIONS. *Repeal of ordinance.*

A municipal corporation abandons its suit by repealing the ordinance for violation of which the suit was brought. (*Post, pp. 565–568.*)

2. SAME. *Same.*

The suit of a municipal corporation abandoned by repeal of the ordinance for violation of which it was brought, is not resuscitated by the repeal of the repealing ordinance. (*Post, pp. 568, 569.*)

Case cited: 15 N. Y. Com. Law Rep. 762.

3. SAME. *Ordinances are not statutes.*

Municipal ordinances are not statutes within ₴ 47, (M. & V.) Code, providing that the repeal of a statute shall "not affect any right accrued, any duty imposed, any penalty incurred, nor any proceeding commenced" under the statute repealed. (*Post, pp. 566–568.*)

Code construed: ₴ 47 (M. & V.); ₴ 49 (T. & S.).

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JNO. R. BOND, J.

DEASON & RANKIN for Town of Rutherford.

HILL & JONES for Swink.

JOHN T. ALLEN, Sp. J.   This suit was commenced before the Mayor of the town of Rutherford, in Gibson County, Tenn., to recover of defendant, G. N. Swink, a penalty for violating a municipal ordinance of said town, by being drunk and using profane language on and along the streets of said town, in April or May, 1889.   The warrant was sued out June 21, 1889, against defendant for said offense, and the Mayor of said town fined defendant the sum of two dollars, and rendered judgment against him for said fine and the cost of said suit, and the defendant appealed from said judgment to the Circuit Court of said county, where said suit has been pending ever since, until January term 1896, when said case was finally tried, and resulted in verdict and judgment for defendant, and plaintiff appealed in error to this Court.

There were several mistrials of the case in the Circuit Court, and the cost of this litigation, over the $2 fine, now amounts to about $725.   At the time said offense was committed, and this suit was commenced, the town of Rutherford was a regularly incorporated town, and it was governed by a Board of Mayor and Aldermen, who had passed and put into operation certain ordinances and by-laws for the government of said town.   There was an ordinance prohibiting drunkenness and disorderly conduct on the streets of said town.

On August 9, 1892, while this suit was pending in the Circuit Court, the Mayor and Aldermen met

and passed an ordinance repealing all former ordinances of said town.

This suit came on for trial again at the October term, 1895, of said Court, and after the trial had been commenced, said Board of Mayor and Aldermen met and passed an ordinance, on October 8, 1895, repealing the said repealing ordinance passed August 9, 1892. At that term there was another mistrial, as the jury failed to agree.

On the trial at the January term, 1896, of said Circuit Court, the Judge charged the jury that the ordinance passed August 9, 1892, repealed all the ordinances in force in said town at that time, and that operated as a pardon to defendant of said offense, and that said repealing ordinance ended plaintiff's right to maintain this suit; and that the ordinance passed October 8, 1895, which repealed the repealing ordinance of August 9, 1892, did not revive and bring back into force and effect the ordinance under which this suit was instituted.

It is insisted that this charge was erroneous, and that the repeals of municipal ordinances come under § 47, M. & V. Code, which reads as follows, to wit: "The repeal of a statute does not affect any right accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under and by virtue of the statute repealed."

At common law the repeal of a statute ended all rights that were given by it, and it operated as a pardon of all offenses under it, and superseded the

Rutherford v. Swink.

jurisdiction of the court in any suit pending, to enforce a penalty under such repealed statute. This common law rule was in force in this State, and applied to repeals of statutes and municipal ordinances alike, until the Legislature passed said Act, which was carried into the Code, which operated to abolish the common law principle, in so far as the same applied to the repeal of the statute laws of the State. It is insisted by appellant that a municipal ordinance is a statute, and that the Legislature intended that § 47 of the Code should apply to the repeal of municipal ordinances the same as to the repeal of the State statutes. An ordinance is defined to be "a rule or regulation adopted by a municipal corporation." Anderson's Dictionary of Law, p. 738.

"The terms 'by-laws,' 'ordinances,' and 'municipal regulations'" have substantially the same meaning, and are defined to be "the laws of the corporate district, made by the authorized body, in distinction from the general law of the State." They are local regulations for the government of the inhabitants of the particular place. *State* v. *Lee*, 29 Minn., 451–453, and cases cited.

In the case of *Baldwin* v. *Philadelphia*, 99 Penn., 170, the Court say that an ordinance of the councils of a municipality, though binding upon the community affected by it, is not a "law" in the legal sense; it is not prescribed by the supreme power of the State, from which alone a law can emanate,

and it is not of general authority throughout the commonwealth.

"The ordinances of a city are to its charter as the statutes of a State are to the Constitution." Anderson's Dictionary of Law, 738.

A statute is defined to be "the written will of the Legislature, expressed in the form necessary to constitute it part of the law; an act of legislation; an enactment; a written law."

It is manifest that a municipal ordinance is not a statute in the sense in which the word "statute" is used in said § 47 of the (M. & V.) Code; that it was only intended to apply to the statutes of the State, and that the common law rule still applies in this State to the repeal of municipal ordinances the same as it did before § 47 of the Code became the law.

The appellant insists that, even if § 47 of the Code should be held not to apply to municipal ordinances, that the ordinance passed October 8, 1895, repealing the repealing ordinance passed August 9, 1892, had the effect to revive the old ordinance that had been repealed.

The able counsel of appellant has argued this proposition most ingeniously, but he has failed to cite any authority to sustain his position. The only case referred to is the case of *Gale* v. *Head*, 15 N. Y. Com. Law Rep., p. 762. In that case the Court say that if the repeal of a repealing statute revives the former law, that the revival could not

operate to resuscitate the proceedings had under the repealed law, and that the last Act repealing the Act that repealed the former law could not have any retroactive effect, and that proceedings *de novo* should have been instituted after the last repealing Act.

From the history of this case there can hardly be any doubt but what the Mayor and Aldermen, on October 8, 1895, repealed the ordinance of August 9, 1892, believing that it would have the effect to revive the repealed ordinance, under which defendant was being tried, and that they would hold the case good against defendant, even if it should be held that the repeal of the ordinances came under the common law rule and pardoned the defendant. Without holding whether the ordinance passed October 8, 1895, revived the repealed ordinance or not, and taking the most favorable view of that proposition, it is obvious that if the ordinance was revived by the ordinance of October 8, 1895, it would only be brought back into effect from that date, and it could not have the retroactive effect to resuscitate the proceedings against defendant, and, in any view of the case, the offense of which defendant had been pardoned could not be brought back to life and held against him.

The Court is of the opinion that there is no error in the charge complained of, and the judgment below will be affirmed.