Mr. Justice Robb
delivered the opinion of the Court:
This is an indictment charging the defendants named in the preceding case [ante, 423] with the offense of being the owners, keepers, managers, operators, and promoters, and with having assisted in keeping, managing,' operating, and promoting, a bucket shop in this District. To this indictment the defendants demurred upon the ground, first, that it does not sufficiently inform them of the charge they are to meet, and, second, that the prosecution should have been in the name of the District of Columbia. The court, as in the preceding case, quashed the indictment upon the ground of the unconstitutionality of the act upon which it was based, and permitted the defendants to go without day.
No question is made in the brief of the appellees as to the sufficiency of this indictment. The constitutionality of the act upon which it was based having been sustained in the prior case, the sole question for consideration here'is whether this prosecution should have been in the name of the District of Columbia, and not in the name of the United States. Appellees base their contention upon sec. 932 of chapter 20 of the' Code [31 Stat. at L. 1340, chap. 854], relating to criminal procedure. This section provides that “prosecutions for violations of all police or municipal ordinances or regulations, and for violation of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the city solicitor or his assistants. All other criminal, *435 prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants.”
We have said in the prior case .that there can be no crimes against the District of Columbia, the District not being a sovereignty; that crimes committed here are crimes against the United States. Metropolitan R. Co. v. District of Columbia, 132 U. S. 1, 33 L. ed. 231, 10 Sup. Ct. Rep. 9. Congress, in the exercise of its plenary power, has prescribed the procedure to be followed in the prosecution of offenses in the District. It has ordained that prosecutions for violations of all police or municipal ordinances or regulations, and penal statutes “in the nature of police or municipal regulations,” shall be in the name of the District. It is at once apparent, therefore, that the point raised by appellees is purely technical in character, as no substantial right is involved.
Looking to the context, and having in mind the probable intent of Congress, what is the scope of the words “penal statutes in the nature of police or municipal regulations,” as used in the statute under consideration ? A municipal ordinance or police regulation is peculiarly applicable to the inhabitants of a particular place; in other words, it is local in character. While municipal ordinances or police regulations are binding upon the community affected by them, they do not emanate-from the supreme power of the state, which is the exclusive-source of all general legislation. Baldwin v. Philadelphia, 99 Pa. 170; Rutherford v. Swink, 96 Tenn. 564, 35 S. W. 554. When, therefore, Congress required prosecutions for violations of statutes in the nature of police or municipal regulations to be in the name of the District of Columbia, it undoubtedly had in mind such local regulations as were peculiarly applicable-to conditions here existing. It did not, we think, intend to require or permit prosecutions under general penal statutes to> be in the name of the District of Columbia, even though the-territorial scope of such statutes was restricted to the District. A statute making it an offense for a motor vehicle-to exceed' a certain limit of speed within the city limits would clearly be- *436 •a penal statute in the nature of a police regulation. Such a statute would be designed to regulate the speed of motor vehicles in accordance with the requirements of local conditions. 'The bucket shop statute under consideration, however, is of a different character. We find that statute in the chapter of the Code devoted to crimes and punishments, and in a sub-chapter governing offenses against public policy. The eompaission of the offense would be as much against public policy in one place as in another; in other words, while the statute’ is local in its application, it deals with a subject-matter general in character. Admittedly, a prosecution for a second offense under the act must be in the name of the United States, since the punishment for such an offense may be imprisonment for five years. No reason is apparent why a prosecution for a first offense should not also be in the name of the United States. Moreover, this statute does not purport to regulate the business of bucketing, but, on the contrary, is designed absolutely to prohibit it. While the authority to enact such a statute may be ascribed to the police power, as indeed may be the authority to enact all criminal statutes, we think, nevertheless, that the act is something more than one in the nature of a •police or municipal regulation; that it creates and denounces .a general offense, and hence that prosecution thereunder was •rightly commenced in the name of the United States.
It follows that the judgment must be reversed, and the cause ■.remanded for further proceedings. Reversed and remanded.