In the Matter of the Application of PHILLIP E. YEOMAN for an Order of Prohibition, etc.

Supreme Court, Monroe County, March 10, 1928.

**Prohibition — defendant was arrested for violation of rules and regulations of city planning bureau of city of Rochester — rules and regulations have been repealed and defendant is entitled to order, pursuant to Civil Practice Act, § 1353, prohibiting prosecution — prosecution under ordinances, rules and regulations adopted by municipalities are not preserved on repeal of statute, in absence of statute to that effect — General Construction Law, §§ 93, 94, not applicable.**

Defendant, who was arrested for the violation of certain provisions of the rules and regulations of use districts of the city planning bureau of the city of Rochester, is entitled, under section 1353 of the Civil Practice Act, to an order prohibiting such prosecution, where the city planning rules and regulations have been

repealed. Defendant is entitled also to an order prohibiting his trial under rules and regulations adopted subsequent to the commission of the act charged.

Prosecution under rules, ordinances and regulations adopted by a municipality are not preserved where the statute is repealed, in the absence of a statute to that effect.

Sections 93 and 94 of the General Construction Law do not apply to rules and regulations of a superintendent of city planning adopted in pursuance of charter provisions.

MOTION for an order of prohibition.

*Joseph P. Hogan*, for the application.

*Clarence M. Platt* [*Charles B. Forsyth* of counsel], opposed.

RODENBECK, J. The applicant was arrested in December, 1927, and was brought before the City Court, Criminal Branch, on the charge of having violated section 5 of the rules and regulations for use districts of the city planning bureau. The penalties for violating the rules and regulations of the superintendent of city planning were prescribed by section 295 of the charter of the city of Rochester (Laws of 1907, chap. 755, as added by Laws of 1921, chap. 524). Section 5 of the rules and regulations was repealed, going into effect on January 1, 1928. This repeal did not operate to bar the applicant's prosecution, since proceedings begun under the old rules and regulations were preserved by the General Construction Law (§§ 93, 94), notwithstanding the repeal of the penalty clause. Thereafter the rules and regulations were superseded by a new zoning ordinance adopted by the new council of the city. This ordinance repealed, by implication, the former rules and regulations on the subject. Thereafter it was sought to prosecute the applicant under the charge of violating the rules and regulations which had been impliedly repealed, or the new zoning ordinance, and he obtained an order to show cause why the City Court should not be prohibited from such prosecution. He is entitled to the order of prohibition. The repeal of the rules and regulations, under which he was arrested, either expressly (*Mayor, etc., of Rutherford* v. *Swink*, 96 Tenn. 564; 35 S. W. 554), or impliedly (*Pleasant Grove City* v. *Lindsay*, 41 Utah, 154), operated to bar his prosecution thereunder. (See, also, 23 L. R. A. [N. S.] 246.) Prosecutions under a statute are preserved although the statute be repealed. (Gen. Const. Law, §§ 93, 94.) But ordinances and rules and regulations adopted by municipalities are not preserved, in the absence of a statute to that effect. The preservation by statute of proceedings begun under statutes repealed, are an exception to the common-law rule, which has not been extended to the ordinances, rules and regulations of the city of Rochester.

Order granted, with fifty dollars costs and disbursements.

So ordered.