■ In the Matter of THOMAS P. CHIODO, Petitioner, v. JAMES P. RICE, as Mayor of the Village of ·Suffern, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act (a) to annul a determination of the respondent Mayor and Board of Trustees of the Village of Suffern ·discharging petitioner on June 2, 1958 from his position as Building and Zoning Inspector of said village, after a hearing on certain specified charges of incompetency or misconduct in office; and (·b) to direct the said respondents to reinstate petitioner *nunc pro tunc* as of May 5, 1958, the date on which he had been suspended. By order of the ·Supreme Court, Westchester ·County, dated March 9, 1960, entered in Rockland ·County, made pursuant to section 1296 of the Civil Practice Act, the proceeding has ·been transferred to this court for disposition. On a prior appeal to this court we modified an order by denying respondents' motion to dismiss the instant petition for patent insufficiency (9 A D 2d 688). Determination confirmed, without costs. In our opinion, petitioner held by permanent appointment his position as Building and Zoning Inspector of the village —

a position which is in the noncompetitive class of the classified civil service. Therefore, as an exempt volunteer fireman, he was entitled to the benefits of former section 22 of the Civil Service Law (as last amd. by L. 1957, ch. 144), now superseded by section 75 of that statute (L. 1958, ch. 790, eff. April 1, 1959). Petitioner was charged with the enforcement of the local Building Zone Ordinance. Despite the fact that said ordinance limited to 16 the maximum number of families in an apartment house in a residence " GA " district (residence garden apartments), petitioner, on June 19, 1957 issued a building permit for the construction in said district of an apartment house with 82 apartments, upon plans which were later amended to provide for 88 apartments. In our opinion, the record herein fully supports and furnishes an ample basis for the finding by the Village Trustees that the issuance of the permit by petitioner was an act of such incompetency and misconduct as, coupled with his false report and with his participation in another false report, justified his dismissal. It is true that the amendment of the ordinance, which was enacted on March 31, 1958, after construction of the apartment house had been substantially completed, removed the 16-family limitation with respect to an apartment house located in a " GA " district, and thereby legalized the building with respect to the former major violation of the ordinance. Nevertheless, we do not think that this amendment barred a proceeding against petitioner pursuant to the then section 22 of the Civil Service Law. Here the Board of Trustees, in prosecuting this proceeding under the Civil Service Law, to determine whether petitioner should be dismissed, was not engaged in a criminal prosecution against him under the Zoning Ordinance after its amendment had validated the construction of the apartment house (see, e.g., *People* v. *Oliver,* 1 N Y 2d 152; 89 A. L. R. 1514–1515; cf. *Matter of Leach* v. *Kenyon,* 146 Misc. 571; *Matter of Yeoman,* 131 Misc. 669). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.