343 S.W.2d 872 (1961)
GENERAL TELEPHONE COMPANY OF the SOUTHEAST
v.
B.J. BOYD, Commissioner of Finance and Taxation.
Supreme Court of Tennessee.
March 10, 1960.
*873 MacFarland & Colley, William B. Cain, Columbia, for appellant.
George F. McCanless, Atty. Gen., Milton P. Rice, David M. Pack, Asst. Attys. Gen., for appellee.
BURNETT, Justice.
General Telephone Company of the Southeast, a Virginia Corporation, having been required by the Tennessee Commissioner of Revenue to pay the tax hereinafter identified, brought this suit to recover that tax on the theory that it did not owe it. The Chancellor decreed to the contrary. Complainant has appealed.
The tax in question is that required by T.C.A. sec. 67-4102, Item Q, as a privilege tax to be paid by "each person" operating an intrastate telephone business in this State. It is an annual tax for the privilege of engaging in that business for the year beginning on July 1, but the tax is payable for the year on August 1 following, Section 67-4317, T.C.A., except that, at the election of the taxpayer, timely made, it may be paid in quarterly installments, the first installment being payable on August 1 for said tax year beginning July 1 preceding. Section 67-4318, T.C.A.; Automatic Merchandising Company v. Atkins, 205 Tenn. 547, 327 S.W.2d 328.
Prior to October 1, 1957 this particular telephone business privilege had been exercised by Southern Continental Telephone Company, a Delaware Corporation. On or before August 1, 1957, it paid for the fiscal year commencing July 1, 1957 the entire annual tax due for its privilege of carrying on that business. The tax so paid was ascertained in the manner required by the Statute.
Under the authority of Chapter 5 of Title 48, Section 501 et seq., T.C.A., there was effected a consolidation of Southern Continental with complainant corporation, whereby on October 1, 1957 complainant became the surviving corporation and Southern Continental ceased to exist. From October 1, 1957 the complainant operated the business theretofore operated by Southern Continental. It did so with the same personnel, the same equipment, and at the same locations, and without the addition of any new or different operations.
In the course of procuring the authority to perfect this consolidation it represented to the Public Service Commission that it was a larger corporation than Southern Continental and by reason of greater financial ability, etc., could more efficiently *874 operate this telephone system. The Virginia corporation had never done business in Tennessee before. It paid nothing for the privilege of operating such business from October 1, 1957 to the expiration of this fiscal year, to wit, June 30, 1958, until required so to do by the State.
When it came to the knowledge of the appropriate Tennessee taxing authorities that complainant, General Telephone Company of the Southeast, had exercised this privilege in Tennessee commencing October 1, 1957, which was three months after the beginning of the fiscal year for the payment of such annual privilege tax, but had paid no tax for the exercise of that privilege, it, the State, conceived a tax obligation of the complainant had arisen by reason of Section 67-4320, T.C.A. This section provides that:
"Any person who first commences business on or after July 1, 1937, shall at the conclusion of each month report to the commissioner of finance and taxation his gross receipts for such month and shall pay tax, measured by such monthly gross receipts, at the rate specified in the appropriate taxing item. This tax shall be paid not later than the 10th day of the following months. On August 1 following the date when such person entered business he shall pay the annual tax for the year commencing on the next prior July 1, computed according to the preceding paragraph but he shall not thereafter make monthly payments."
Southern Continental, who was exercising the privilege of conducting this telephone business on July 1, 1957, the date of the beginning of the new fiscal year, did not elect to pay in quarterly installments as permitted by Section 67-4318, T.C.A. the annual tax for which it then became indebted and which became due on August 1. To the contrary, it elected to pay the entire annual tax on or before its due date, August 1, 1957; and did so pay it.
It is properly conceded by the State that if Southern Continental had elected to pay its tax in quarterly installments and complainant, General Telephone Company of the Southeast, had become the successor operator of the business, as it did on October 1, 1957, it, the complainant, would have been indebted to the State only for the remaining unpaid installments for the fiscal year ending June 30, 1958. This is because of Section 67-4319, T.C.A. That section provides that when the ownership of a business subject to this tax has elected to pay in quarterly installments, as authorized by the preceding code section, and transfers the business during the fiscal year in which such quarterly payments are being made, then the transferee shall be liable only for the quarterly payments that remain unpaid.
But this limitation of liability to the transferee during the fiscal year of so much of the annual tax as remains unpaid appears in no other section dealing with this privilege tax. That limitation applies only to such transferee whose transferor has elected at the beginning of the fiscal year to pay its tax in quarterly installments. And the concluding sentence of this code section 67-4319, declaring a legislative intent that only one gross receipts tax should be paid on account of the operation of a business during any one year is limited to that situation for the reason stated in Automatic Merchandising Company v. Atkins, supra. It may be added that since this concluding sentence appears nowhere, except in that portion of the statute dealing with quarterly payments, the Court is compelled to conclude that it was the legislative intent to confine it to the installment payment provisions. To give it general application would, under the circumstances, amount to judicial legislation.
Therefore, if complainant, General Telephone Company of the Southeast, is to avoid the requirement of Section 67-4320, T.C.A., providing that a person commencing within the fiscal year but after the beginning of that year a business for which it is required to pay a privilege tax (it) shall, in that event, pay each month such privilege tax *875 measured by monthly gross receipts, then such avoidance must be for some reason other than the concluding sentence of Section 67-4319, T.C.A. declaring the legislative intent to be that only one gross receipt tax should be paid on account of the operation of the business during any one year.
The brief of complainant, appellant, recognizes that such avoidance must be for some reason other than that provided by the aforesaid concluding sentence of Section 67-4319, T.C.A. So, it assigns, and relies upon, another reason. Before stating and considering that reason, there should be stated (1) another certain fact appearing in this case, and (2) certain applicable elementary rules of law.
The fact referred to is that all of the stock of the deceased corporation, Southern Continental, and all of the stock of complainant, General Telephone Company of the Southeast, the successor corporation, was owned by a third corporation, to wit; General Telephone Corporation.
The elementary rules of law referred to, and in support of which no citation to authority is necessary, are:
(1). A corporation is a person separate and apart from the persons who own the stock. Therefore, while the burden of an obligation of the corporation indirectly affects the stockholders, it is not a burden in the legal sense which may be regarded as falling upon the stockholders.
(2). (a). The tax involved here is upon "each person, operating a telephone business * * *." Section 67-4102, Item Q, T.C.A. And it is for the privilege of operating such business. So the person here who is required to pay this tax, unless the reason assigned by complainant, and hereinafter noticed, applies, is the complainant, General Telephone Company of the Southeast.
(2). (b). A privilege tax is not transferable or assignable from one person to another unless the statute creating the privilege so provides.
(2). (c). "There must be an affirmative showing by the taxpayer of his right to the exemption, because taxation is the rule, and exemption from taxation is the exception". Nashville Tobacco Works v. City of Nashville, 149 Tenn. 551, 558-559, 260 S.W. 449, 451.
Title 48 T.C.A. has to do with corporations and associations. Chapter 5 thereof, commencing at Section 48-501 T.C.A., deals with "reorganization and dissolution of corporations". Section 48-501 through 504 provides for the consolidation of two or more corporations into a single corporation. These code sections were employed in the consolidation of General Telephone Company of the Southeast, the surviving corporation, and Southern Continental Telephone Company, the one which ceased to exist by reason of the consolidation. Section 48-505, dealing with the effect of consolidation, provides this:
"When the agreement is signed, acknowledged, filed and recorded, as in Section 48-502 is required, the separate existence of the constituent corporations shall cease, and the consolidating corporations shall become a single corporation in accordance with the said agreement, possessing all the rights, privileges, powers, franchises and immunities, as well of a public as of a private nature, * * * of each of such corporations so consolidated * * *."
It is by reason of the above quoted provisions of Section 48-505 that complainant, appellant, insists upon its nonliability for the payment of a privilege tax for the operation of this business for the remainder of the fiscal year commencing October 1, 1957. And it is based upon the fact that the corporation with which it was consolidated, and which ceased to exist after the consolidation, had paid a privilege tax for the entire year. Specifically, in the language of appellant's brief, here is its reasoning:

*876 "Words in a statute are always to be given the meaning they have in common use. Use of the words, `rights, privileges, powers, franchises and immunities as well of a public as of a private nature' in a merger statute evidences a clear intention on the part of the Legislature to allow the mergee corporation to continue operation of business without being subjected to additional gross receipts tax based upon the same business for the same taxing period. The privilege of continuing operation of the same business at the same locations during the same period without additional gross receipts tax is a public privilege within the ordinary meaning of the term and, therefore, under the expressed language of the merger statute passed from Southern Continental Telephone Company to General Telephone Company of the Southeast."
While the reasoning in the foregoing quotation is logigal and appeals strongly to one's sense of justice under the facts of this case, nevertheless, the Court cannot escape the fact that under the holdings of this Court Section 48-505, T.C.A., hereinbefore quoted does not apply to the rights of the sovereign State of Tennessee.
The State's brief refers to, and quotes from, the holding of this Court to that effect in Automobile Sales Co. v. Johnson, 174 Tenn. 38, commencing at page 42, 122 S.W.2d 453, 455, 120 A.L.R. 370, wherein it held as follows:
"`It is a general rule that the State is not bound by the general words of a statute, which, if applied, would operate to trench on its sovereign rights, * * unless the contract is expressly declared or necessarily implied.' (Citing cases).
"In the New Hampshire case, above cited [State v. Kinne, 41 N.H. 238], this very pertinent language is found:
"`We find that it is a principle of the common law as old as the law itself, that "the king is not bound by any statute, if he be not expressly named to be so bound."'"
The rule is reiterated in American Can Company v. McCanless, 183 Tenn. 491, 501, 193 S.W.2d 86, 90, as follows:
"* * * It is well settled that the sovereign is not included in the general language of a statute, unless specifically mentioned. `We recognize the rule of construction that leaves the sovereign not included in, but, so to speak, withdrawn from, the general language of a statute or Constitution, unless specifically mentioned.'" (Citing cases.)
And finally in Davidson County v. Harmon, 200 Tenn. 575, 581, 292 S.W.2d 777, 779, as follows:
"The sovereign (State of Tennessee) is not bound by a statute unless it be expressly stated in the statute that the sovereign is to be bound. All the cases, insofar as we can determine, are to his effect." (Citing numerous cases.)
Such being the law, this Court has no choice other than to hold the appellant liable, as did the Chancellor, under the mandate of Section 67-4320, T.C.A. providing that any person who commences his business after July 1, 1937 shall pay each month to the State for the remainder of the fiscal year the amount owed by the person according to the formula therein stated for the exercise of the privilege in question.
The requirement that the appellant so pay is not double taxation within the sense of this statute. Southern Continental Telephone Company, a Delaware Corporation, is one person who paid the tax for the exercise of this privilege and then ceased to do business. Appellant, General Telephone Company of the Southeast, a Virginia Corporation, is a different person. Each was required to pay for its exercise of the privilege involved, to the extent, and in the manner, hereinbefore stated.
*877 Since the conclusion herein reached is decisive of the case, it is unnecessary to consider whether Section 1-303, T.C.A. entitled "Conflicts within Code" and State ex rel. v. Safeley, Chairman et al., 172 Tenn. 385, 390, 391, 112 S.W.2d 831, likewise require the decision stated, but, as a matter of interest, the attention of solicitors is called thereto.
The decree of the Chancellor will be affirmed in all respects with costs adjudged accordingly.