Tennessee Trailways, Inc., Appellant,

*v.*

G. Hilton Butler, Commissioner, etc., Appellee.

373 S. W. 2d 201

(*Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

Petition for Rehearing Denied December 5, 1963.

ANDERSON & SNEPP, Knoxville, for appellant.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE, WALKER T. TIPTON, Assistant Attorneys General, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

The question involved in this case is the right of complainant corporation, appellant herein, the operator of an intrastate and interstate bus company, to apportion its registration fees for the year 1962-63 upon the basis of the Tennessee mileage experience of its predecessor corporation during the year 1961-62.

From the argument heard at the bar of this Court, we entered upon the investigation of this matter convinced that the appellant should be entitled to the apportionment benefits of T.C.A. 59-437, which would have been allowed to Tennessee Coach Company, a wholly owned subsidiary of Tennessee Trailways, Inc., had it continued in business. However, for the reasons hereinafter stated we are compelled to reach a different conclusion and to affirm the chancellor in his dismissal of this cause.

Appellant is a Virginia corporation presently engaged in business in Tennessee as a motor carrier of passengers

having been so engaged since its merger on January 11, 1962, with Tennessee Coach Company, a corporation whose entire stock had been acquired in December of 1961 by purchase from the stockholders thereof.

Tennessee Coach Company had duly registered the vehicles in its fleet, pursuant to T.C.A. 59-421-22 at the outset of the year commencing April 1, 1961. Upon the acquisition of said vehicles by appellant, by virtue of the merger on January 11, 1962, appellant did not re-register them, but operated them upon the registration of the predecessor until April 1, 1962. On March 27, 1962 it registered them, that is, the fleet of vehicles, in its own name for the first time, paying to appellee fees of $45,331.50.

Thereafter, appellant filed with appellee a claim for a refund in the amount of $27,262.36, claiming said amount as the share of its fees apportionable to its non-Tennessee operation. Said apportionment was sought upon the basis of the Tennessee and total mileage experience of the predecessor, Tennessee Coach Company, during the preceding year.

Appellee rejected said claim by letter dated September 25, 1962, and on October 2, 1962 this suit was instituted to recover said disallowed apportionment. The appellee concedes that appellant has the right to maintain this suit.

The case was heard and determined in the lower court upon bill, answer, and deposition of witnesses, whereupon the chancellor, in a memorandum opinion, held that complainant was not entitled to the recovery sought and dismissed the bill stating that "there are many facts in this case which arouse the sympathy of this court but

I feel that the statute involved is clear and that the telephone case (*General Telephone Company of the Southeast v. Boyd,* 208 Tenn. 24, 343, S.W.2d 872 (1961), controls. Therefore, I have no alternative other than to dismiss complainant's bill at its cost.''

Appellant is an interstate motor carrier of passengers operating a fleet of two or more vehicles under the authority of the Interstate Commerce Commission. On March 27, 1962 it registered its vehicles and paid the fee as aforesaid. The same fleet of vehicles was registered in Tennessee during the preceding year by Tennessee Coach Company.

It is alleged in the bill that the appellee's denial and refusal to pay the claim was predicated upon the following occurrences:

(a) On December 19, 1961 the complainant, Tennessee Trailways, Inc., a corporation organized under the laws of the State of Virginia in February 1961, purchased from each of the stockholders of Tennessee Coach Company, all of their stockholdings in said Tennessee Coach Company, and thereby complainant became the 100% owner of the issued and outstanding stock of Tennessee Coach Company, a Tennessee corporation, which for many years had been, and was then, engaged in business as an intrastate and interstate motor carrier of passengers operating a fleet of two or more vehicles under and pursuant to the authority of the Interstate Commerce Commission and other regulatory bodies having jurisdiction over its operations.

(b) At all times prior to, and at the time of the purchase of the stock aforesaid, and up until January 11,

1962, Tennessee Trailways, Inc., was a mere paper corporation, owning no physical properties and conducting no operations or business of any nature or kind whatsoever.

(c) On January 11, 1962 Tennessee Trailways, Inc., pursuant to and as authorized by T.C.A. 48-518 et seq., as the parent corporation of its wholly owned subsidiary, merged said Tennessee Coach Company into Tennessee Trailways, Inc. Since that time complainant has owned the same fleet of vehicles and in the same manner conducted therewith the identical operations and business, and none other, as did Tennessee Coach Company prior to said merger, and at all other times material hereto.

It also was averred in said bill that said fleet was registered and operated by Tennessee Coach Company during the preceding year and that complainant was entitled to have the cost of the 1962 registration plates therefor apportioned in accordance with T.C.A. 59-437, regardless of the occurrences aforesaid.

The position of appellee is that T.C.A. 59-437 is applicable only "to carriers having an operating experience of *their own* during the preceding year", and that because of said merger appellant was not entitled to "utilize any experience incurred by another corporation." Appellee also argues that on January 17, 1962 appellant was advised by appellee that it would be necessary to obtain new title certificates and new registration and that such registration would be necessary for the purpose of affording appellant with operating mileage experience of its own upon which apportionment could be made of its 1962 registration.

After the merger was accomplished an official of appellant conferred with the then Assistant Commissioner of Revenue and "again told him that the sale of the stock and the eventual merger into Trailways had taken place, and that in my opinion it was one and the same operation that I can see no need for re-registering the equipment under the circumstances". He was then asked:

"Q. What view did Mr. Murphy (the then Assistant Commissioner of Revenue) take concerning the matter?

"A. At that time Mr. Murphy stated to me that they were giving consideration to it, would take it under advisement, and not to take any action until advised to the contrary.

"Q. Were you ever advised to the contrary?

"A. No, sir."

The chancellor disposing of this case said that prior to his examination of *General Telephone Company v. Boyd,* supra, he "had proceeded on the theory that the mileage experience of the predecessor corporation was an asset to that corporation, an accumulation of credit of the corporation, therefore coming within the words of the merger statute 'all of the estate, property, rights, privileges and franchises, etc. (48-519, T.C.A.)'."

In General Telephone Company it was held "[a] privilege tax is not transferable or assignable from one person to another unless the statute creating the privilege so provides."

■ Article 2, Section 28 of the Constitution of Tennessee recognizes only two general kinds of taxation,

which are ad valorem and privilege. These cover the whole domain of taxation and beyond these the Legislature may not go in the imposition of taxes. *Bank of Commerce & Trust Co. v. Senter,* 149 Tenn. 569, 578, 260 S.W. 144, and many other cases.

■■■■ Of course, the tax under consideration is not ad valorem and this leaves only one other type of tax which is permitted to be imposed by our Constitution and that is a privilege tax. Since a privilege tax is not transferable or assignable from one person to another unless expressly authorized by statute, and since no such authorization is included within the statute involved, we must hold against the taxpayer, although we would prefer to do otherwise in view of the strong equities appearing herein. But we are required to execute the will of the law and not the will of the Court.

It is contended by the appellant that the apportionment statute, T.C.A. 59-437, relates to "fleet registered" and not to the "carrier registered". We would like to so hold, but the fact remains that the statute says that the Commissioner of Revenue is authorized and directed to apportion the costs of registration plates of *interstate motor carriers* of passengers operating a fleet of two or more vehicles.

■■■ It is plain to us that the Legislature intended the tax to be levied against the motor carrier for the privilege of operating a fleet of two or more vehicles upon the highways in the State of Tennessee and not upon the specific vehicles. In other words, these vehicle registration fees are privilege taxes based upon the privilege of the operation of such vehicles by the owner over the highways of this State.

■■ It is also contended by appellant that the operating experience of Tennessee Coach Company is an asset within the meaning of T.C.A. 48-519, and as such was conveyed along with the other assets of said Coach Company to Tennessee Trailways, Inc., the mergee corporation. Again, we would like to agree with the appellant in this reasoning, but since a privilege license is not transferable or assignable from one person to another unless the statute creating it so provides, it has no independent value. In other words, this experience of the Coach Company which could be credited to its future operation grew out of and was incident to the original tax and is not separable therefrom.

The privilege tax involved in this cause is assessed against the owner of the property and not the vehicles involved.

■ Appellant contends that it is entitled to recover the amount sued for herein because it acted upon the advice of an Assistant Commissioner of the Department of Revenue. It suggests that defendant, G. Hilton Butler, to the extent that he is sued individually in this cause, is, therefore, estopped to rely upon appellant's non-compliance with T.C.A. 59-433, and it cites an Oregon case recently decided in support of this contention. This argument has to be rejected because of a recent decision of this Court in the case of *John Ownbey Co., Inc. v. Butler,* 211 Tenn. 366, 365 S.W.2d 33, in which we held:

"* * * where there is a failure on the part of the State to attempt to collect the taxes even though it might have resulted from a misconstruction of the law, * * * the State cannot be estopped." 211 Tenn. 366, 365 S.W.2d at 38.

Therefore, we find this contention to be without merit.

Although the General Telephone case involved a gross receipts tax it, nevertheless, was a privilege tax case. The tax imposed here is a privilege tax and under our Constitution it could not have been otherwise. We are unable to find any difference in principles in the Telephone case and the case at bar, despite the fact that we have made a conscious effort to do so in view of what we construe to be equities of the case.

We are cited to the case of *Tennessee v. Whitworth*, 117 U.S. 139, 6 S.Ct. 649, 29 L.Ed. 833, in which it was held that upon the consolidation of two railroad companies, each of which had been given a charter exemption from taxation by the Legislature, the consolidated corporation was likewise entitled to exemption from taxation.

██ ██ The Whitworth case involved ad valorem taxation and not a privilege tax. Ad valorem taxes are imposed directly upon property and the tax follows the property into any hands that it may pass. A privilege tax, however, is not directly related to any property, but is imposed upon persons or businesses engaged in doing some specific act. The rules respecting the two taxes are entirely different.

Finally, in the Whitworth case the exemption from taxation was one specifically accorded by the Legislature and contained in a corporate charter enacted into law by the Legislature. Likewise, the act of consolidation by the two corporations grew out of an act of the Legislature. We do not find any similarity in principle in the Whitworth case and the case now under consideration.

The instant tax is for a privilege to be exercised and not for a right to be assigned.

For the foregoing reasons the chancellor is affirmed.

BURNETT, CHIEF JUSTICE, and DYER and HOLMES, JUSTICES, concur.

CLEMENT, SPECIAL JUSTICE, not participating.

Opinion on Petition to Rehear

A petition to rehear has been filed which sharply challenges the correctness of our original opinion. A reply of equal force and dignity has been filed on behalf of appellee. The appellant has replied by filing an additional brief.

The original opinion was prepared after several weeks of research. We reached a firm conclusion based upon our interpretation of the statutes and the case law applicable thereto.

Neither the litigants nor the law would be served by a restatement of the conclusions therein reached. We think that our opinion is correct. Therefore, the petition to rehear is denied.