**TOWN OF ALGOOD, Tennessee,**
**Plaintiff-Appellant,**

v.

**MID–SOUTH PAVERS, INC.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

March 31, 1978.

Certiorari Denied by Supreme Court
Aug. 21, 1978.

H. Marshall Judd, Cookeville, for plaintiff-appellant.

W. Lee Corbett, Ingraham, Young & Corbett, Nashville, for defendant-appellee.

OPINION

DROWOTA, Judge.

This is a suit by the Town of Algood to collect taxes allegedly owed by defendant, Mid-South Pavers, Inc.; under the Business Tax Act, T.C.A. § 67–5801 *et seq.* At the heart of the dispute is T.C.A. § 67–5812(b), which provides an exemption from the Act to persons primarily engaged in the manu-

facture of articles of value "from a location or outlet subject to ad valorem taxation under the provisions of Chapter 6" of Title 67 of the Code. Plaintiff argues that defendant is not entitled to the exemption because the articles sold by defendant are exempt from *ad valorem* taxation, while defendant claims that the exemption applies as long as the outlet from which the articles are sold is subject to the *ad valorem* tax on other items of its property. We agree with defendant, and affirm the judgment of the Chancellor in its favor.

The facts of the case have been stipulated by the parties.

Plaintiff is a municipal corporation that has adopted the Business Tax Act. Defendant, a manufacturer and processor of crushed stone and stone products, is an Indiana corporation licensed to do business in Tennessee. It maintains offices in Nashville and in Algood, Tennessee. Defendant also maintains a quarry and crushing plant in an area that, on October 15, 1974, was annexed into plaintiff's corporate limits.

Defendant sells at retail crushed stone and crushed stone products from its Algood facility. All products sold from the Algood facility are also manufactured there.

In 1974, plaintiff for the first time mailed to defendant forms for reporting under the Business Tax Act. Defendant completed the forms and paid business taxes allegedly owed for the years 1971 through 1973. Early in 1975, plaintiff mailed defendant a statement for penalties allegedly due and resulting from failure to pay business taxes for the years 1971 through 1973. Defendant then wrote plaintiff, advising plaintiff that defendant was claiming an exemption from the Business Tax Act and requesting refund of the taxes previously paid.

Finally, it is stipulated that defendant's trucks and equipment have been assessed for personal property *ad valorem* taxes for the year 1970 through the present time, while defendant's inventory of crushed stone has not been assessed for personal property *ad valorem* taxes.

On March 22, 1976, plaintiff filed the instant suit in Putnam County Chancery Court to collect unpaid interest, penalty, and tax allegedly owed by defendant under the Business Tax Act for the years 1971 through 1975. In its answer, defendant asserted that, under T.C.A. § 67–5812(b), it was exempt from the business taxes claimed. Defendant also filed a counterclaim for the business taxes it had already paid. Both plaintiff and defendant moved for summary judgment. Affidavits were submitted, and the facts were stipulated as summarized above. The Chancellor held that defendant was subject to *ad valorem* taxation and so exempt from the business tax, and dismissed plaintiff's claim. Defendant's counterclaim was also dismissed, on the ground that defendant had not paid the business taxes under protest. An order dismissing both the claim and the counterclaim was entered on May 12, 1977.

Plaintiff, alleging that it was error to hold defendant exempt from the Business Tax Act under § 67–5812(b), has appealed from the Chancellor's order. Defendant has not appealed from dismissal of its counterclaim.

In general, all real and personal property is required to be assessed for taxation. T.C.A. § 67–401. The tax so assessed is a tax on the property itself and is often referred to as an "ad valorem" tax, meaning a tax "according to the value" of the property. Property is classified and assessed in Chapter 6 of Title 67. Exemptions from the property tax are set out in Chapter 5, T.C.A. §§ 67–501 through 67–517. The last of these exemptions is pertinent here, and reads in part as follows:

67–517. Growing crops.—All growing crops of whatever kind, including but not limited to, timber, nursery stock, shrubs, flowers, and ornamental trees, the direct product of the soil of this state or any other state of the union, in the hands of the producer or his immediate vendee, and articles manufactured from the produce of this state, or any other state of

the union, in the hands of the manufacturer, shall be exempt from taxation." The language "the direct product of the soil . . . in the hands of the producer" is identical to that found in Article 2, § 28 of the Tennessee Constitution. The exemption for "articles manufactured from the produce of this state" accords with Article 2, § 30, which provides that "[n]o article manufactured of the produce of this State, shall be taxed otherwise than to pay inspection fees."

Both plaintiff and defendant assert that defendant's inventory of crushed stone itself is exempt, in defendant's hands, from *ad valorem* taxation both as a direct product of the soil in the hands of the producer and as an article manufactured from the produce of the state in the hands of the manufacturer. The parties appear to be correct, in view of the broad interpretation given these and similar exemptions by Tennessee courts in the past. See, *e. g., Tennessee Products & Chemical Corporation v. Taylor*, 190 Tenn. 130, 228 S.W.2d 87 (1950); *Benedict v. Davidson County*, 110 Tenn. 183, 67 S.W. 806 (1902). For purposes of this opinion, then, we assume that defendant's inventory of crushed stone is entitled to one or both of these exemptions from *ad valorem* tax.

■ Unlike the *ad valorem* tax on property, the business tax is a tax on the *privilege* of making "sales by engaging in any . . . business activity enumerated . . . ." T.C.A. § 67–5802. The distinction is that "[a]d valorem taxes are imposed directly upon property and the tax follows the property into any hands that it may pass" into, while a privilege tax "is imposed upon persons or businesses engaged in doing some specific act." *Tennessee Trailways, Inc. v. Butler*, 213 Tenn. 136, 373 S.W.2d 201 (1963). In enacting the Business Tax Act, the legislature declared its intent that the taxes imposed by the Act "shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxa-

ble under this chapter." T.C.A. § 67–5801. In § 67–5805, taxable businesses are classified according to the type of property they are engaged in selling. In the instant case, plaintiff argues that defendant's sales of crushed stone place it in Classification 2(f), covering persons in the business of selling "[t]angible personal property not specifically enumerated or described elsewhere in this chapter." For purposes of this opinion, we may assume that defendant's sales of crushed stone would put it in this classification if it could find no exemption from the business tax.

■ The exemption claimed by defendant is found in § 67–5812(b), as follows:

67–5812. Exempt entities.—This chapter shall not apply to the following persons in the circumstances indicated:

. . . . .

(b) Any person primarily engaged in the manufacture of goods, wares, merchandise or other articles of value from a location or outlet subject to ad valorem taxation under the provisions of chapter 6 of this title.

This exemption has been interpreted in Rule 29 of the Business Tax Rules and Regulations, also found as Rule 1320–4–5–.29 of the Rules and Regulations of the State of Tennessee. Made a part of the record in the instant case, Rule 29 reads in pertinent part as follows:

(c) Sales of tangible personal property manufactured or processed by a manufacturer or processor who is subject to the ad valorem tax under Chapter 7 of Title 67, T.C.A., are exempt from the Business Tax if made at the manufacturing or processing location within this state. Sales of such property which are not manufactured or processed by a manufacturer or processor but which are incidental to the operation of such manufacturer or processor are also exempt from the Business Tax if made at the manufacturing or processing location or outlet that is subject to the ad valorem tax under provisions of said Chapter.

The affidavit of the Chief of the Gross Receipts and Privilege Tax Section of the Tennessee Department of Revenue is to the effect that the former provisions of Chapter 7 of Title 67 dealing with the *ad valorem* tax on manufacturers have been repealed, that that subject is now covered by Chapter 6 of Title 67, and that Rule 29(c) now applies to manufacturers subject to *ad valorem* tax under Chapter 6. Since T.C.A. § 67–5822 gives rules promulgated by the Commissioner of Revenue the force of law if they are consistent with the statute, and since neither party challenges Rule 29, we may accept it as valid in the instant case.

■ We conclude that defendant is entitled to the business tax exemption of T.C.A. § 67–5812(b) with regard to its sales of crushed stone from its Algood processing plant, regardless of the probability that the crushed stone itself is exempt in defendant's hands from the *ad valorem* tax imposed by Chapter 6 of Title 67.

Defendant, in selling crushed stone from its Algood facility, meets all of the criteria of § 67–5812(b) as interpreted by Rule 29(c). It is "primarily engaged in the manufacture . . . of articles of value," crushed stone. Its sales of the stone are made at the processing location within this state. Further, this location is "subject to ad valorem taxation under the provisions of chapter 6" of Title 67, since it is stipulated that defendant has been reporting and paying taxes on its trucks and equipment as required by § 67–620. Having met these criteria, defendant is entitled to the § 67–5812(b) exemption.

Against our conclusion and the supporting reasoning just stated, plaintiff argues basically that defendant should not receive the § 67–5812(b) exemption for sales of its crushed stone because the stone itself is not subject to *ad valorem* tax under Chapter 6 of Title 67. This argument overlooks the plain meaning of § 67–5812(b), which refers to sales "from a *location* or *outlet* subject to ad valorem taxation . . . ." (emphasis added). The exemption is granted if the facility from which the sales are made is subject to *ad valorem* taxation, and it does not require that the articles sold be subject to such taxation. Indeed, articles sold in the circumstances contemplated by § 67–5812(b) would rarely be subject to *ad valorem* taxation because of the broad exemption for manufactured articles in the hands of the manufacturer, set forth in Article 2, § 30 of the Tennessee Constitution and, in even broader terms, in T.C.A. § 67–517. It is highly unlikely that the legislature would create an exemption to the business tax for manufacturers selling manufactured articles subject to *ad valorem* taxation when it knew that, in most if not all cases, such articles would not be subject to *ad valorem* taxation and that, consequently, the business tax exemption would rarely if ever apply.

In any case, it would be absurd to interpret § 67–5812(b) as conferring the business tax exemption only when the articles sold are subject to *ad valorem* taxation when the section's plain meaning is that only the manufacturer's "location or outlet" need be so subject. This construction of § 67–5812(b) is supported not only be common sense and logic, but by the interpretation given the exemption in Rule 29(c), which speaks of sales "by a *manufacturer* or *processor* who is subject to the ad valorem tax . . . ." (emphasis added). Since defendant is subject to *ad valorem* tax on its equipment and trucks at the Algood plant at which the crushed stone is manufactured and from which it is sold, and since it otherwise meets the criteria for a § 67–5812(b) exemption from the business tax, defendant's claim for that exemption must be upheld.

It follows that the Chancellor was correct in holding defendant exempt from the taxes sought to be collected and in dismissing plaintiff's suit therefor. His judgment is affirmed.

Affirmed.

SHRIVER, P. J., and TODD, J., concur.