# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

THRONEBERRY PROPERTIES, )
a Partnership composed of )
BUFORD C. THRONEBERRY, MARY )
B. THRONEBERRY, JAMES D. )
THRONEBERRY, VICKI W. )
THRONEBERRY, JOHN B. )
THRONEBERRY, and ALLISON L. )
THRONEBERRY, )
)
     Plaintiffs/Appellees, )
)
VS. )
)
NANCY ALLEN, County )
Executive, Rutherford County )
Tennessee; DAVID H. JONES, )
Director, Rutherford County Building )
Codes; BETTS BARBIER, Director, )
Building and Codes, City of )
Murfreesboro; DON SUNDQUIST, )
Governor, State of Tennessee and )
RILEY DARNELL, Secretary of State, )
State of Tennessee, )
)
     Defendants/Appellees. )
)
and )
)
WALDRON & SONS, a Partnership )
composed of Kevin Waldron, Roy )
Waldron and Steven Waldron; )
BEAVER CONSTRUCTION CO., INC., )
and INDIAN PARK, LTD., )
)
     Plaintiffs/Appellants, )
)
VS. )
)
RUTHERFORD COUNTY, )
a Political Subdivision of the )
State of Tennessee, TOWN OF )
SMYRNA, TENNESSEE, a Municipal )
Corporation chartered by the State of )
Tennessee; CITY OF )
MURFREESBORO, a Municipal )
Corporation chartered by the State of )
Tennessee; and CHARLES W. )
BURSON, Attorney General for the )
State of Tennessee, )
)
     Defendants/Appellees. )

**FILED**

**October 14, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

Appeal No.
01-A-01-9710-CH-00612

Rutherford Chancery
No. 96CV-1181

APPEALED FROM THE CHANCERY COURT OF RUTHERFORD COUNTY

AT MURFREESBORO

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

GAIL P. PIGG
219 Second Avenue, North
Nashville, Tennessee 37201
Attorney for Plaintiff/Appellee Throneberry Properties

DARRELL L. SCARLETT
MICHAEL A. MYERS
16 Public Square North
Murfreesboro, Tennessee 37130
Attorneys for Defendant/Appellee Rutherford County

GRANVILLE S. R. BOULDIN
GRANVILLE S.R. BOULDIN, JR.
122 North Church Street
Murfreesboro, Tennessee 37130
Attorneys for Plaintiffs/Appellants Waldron & Sons,
Beaver Construction, Inc. and Indian Park, Ltd.

PHILLIP M. GEORGE
511 Enon Springs Road, East
Smyrna Tennessee 37167
Attorney for Defendant/Appellee Town of Smyrna

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

- 2 -

Chapter 215 of the Public Acts of 1996, called the Rutherford County Development Tax Act, imposed a tax on the privilege of residential land development in Rutherford County. The Chancery Court of Rutherford County held that the Act did not apply to multi-unit developments because they are classified as commercial or industrial for ad valorem tax purposes by Art. II, § 28 of the Tennessee Constitution. We reverse.

I.

The legislature passed Chapter 215 to help Rutherford County cope with a residential building boom creating an extraordinary demand for public facilities and services. Relevant portions of the Act provide:

SECTION 3. It is the intent and purpose of this act to impose a tax on new residential land development in Rutherford County, with a portion of the tax being payable prior to the recordation of any plat in the register of deeds office, and the balance being payable at the time of the issuance of a building permit, thus ensuring and requiring the persons responsible for new development share in the burdens of growth by paying their fair share for the costs of new and expanded public facilities made necessary by such development.

SECTION 4. Engaging in the act of land development for residential purposes within Rutherford County, except as provided in Section 6, is declared to be a privilege upon which Rutherford County may levy a tax at the rate set forth in Section 7.

* * *

SECTION 7. (a) For the exercise of the privilege described herein, Rutherford County imposes a tax on each lot of covered single-family development or, in the case of multi-family development on each unit proposed for human habitation, in an amount equal to seven hundred fifty dollars ($750) payable as follows:

(1) Three hundred seventy five dollars ($375) per lot or unit prior to the time the final plat of the development containing said lot or unit is recorded in the register of deeds office; and

(2) Three hundred seventy five dollars ($375) per lot or unit at the time the building permit is issued and obtained;

(b) In the event a single or multi-family structure is placed upon property and a plat is not required by applicable provisions of the general law, then in that event, the seven hundred fifty dollar ($750) tax shall be paid, in its entirety, at the time the building permit is issued and obtained.

Section 6(6) specifically exempted non-residential development from the tax.

Four developers filed suit in the Chancery Court of Rutherford County challenging the Act's application to apartment buildings. The challenge rested on various state and federal constitutional grounds but primarily on Art. II § 28 of the Tennessee Constitution. That section created three broad classifications of property for ad valorem tax purposes: real property, tangible personal property, and intangible personal property. Real property was further divided into four subclassifications:

(a) Public Utility Property, to be assessed at fifty-five (%) percent of its value;
(b) Industrial and Commercial Property, to be assessed at forty (40%) percent of its value;
(c) Residential Property, to be assessed at twenty-five (25%) percent of its value, provided that residential property containing two (2) or more rental units is hereby defined as industrial and commercial property; and
(d) Farm Property, to be assessed at twenty-five (25%) percent of its value. (Emphasis added.)

According to the plaintiffs, any parcel of property containing two or more rental units is not residential property and the Rutherford County Development Tax Act does not apply to such property.

The chancery court sustained the plaintiffs' challenge and ordered a refund of the taxes that had been paid under protest. The court did not rule on the other grounds of the plaintiffs' suit.

## II.

- 4 -

We are of the opinion that the chancellor erred in holding the Act inapplicable to multi-unit parcels because Art. II, § 28 makes such parcels industrial or commercial property for ad valorem tax purposes.[1] The tax in question is not an ad valorem tax but a tax on the privilege of engaging in the act of land development for residential purposes. Sec. 4. "Residential land development" is defined as "the development of any property for a dwelling unit or units, including, but not limited to, single or multi-family housing." Sec. 2(5). The tax is measured by the number of units developed for human habitation, regardless of value.

A privilege tax is not directly related to any property but is imposed upon persons or businesses engaged in doing some specific act. *Tennessee Trailways, Inc. v. Butler*, 373 S.W.2d 201 (Tenn. 1963). In this case the act is residential land development. The Act's definition is not restricted by Art. II, § 28, which pertains to the other general kind of taxation, taxation of property according to its value. *See Tennessee Trailways v. Butler.* The plaintiffs in this case argue that Section 6(6), which specifically exempts non-residential development, should be read as the legislative intent to adopt the definition in Art. II, § 28. We think the Act read in its entirety overwhelmingly shows otherwise.

### III.

The plaintiffs also assert that the Rutherford County Development Tax Act violates the equal protection provisions of the state constitution, Art. I, § 8, Art. XI, § 8, and the Fourteenth Amendment to the United States Constitution. We will treat all the cited constitutional provisions as one, because "Article I Section 8 and Article XI Section 8 of the Tennessee Constitution are the state's expression of equal

---

[1] Tenn. Code Ann. § 67-5-501 also furthers the constitutional purpose by providing: All real property which is used, or held for use, for dwelling purposes which contains two (2) or more rental units is hereby defined and shall be classified as "industrial and commercial property."

protection corresponding to Section 1 of the Fourteenth Amendment of the United States Constitution." *Tullahoma v. Bedford County*, 938 S.W.2d 408, f. 2 at 411 (Tenn. 1997).

Equal protection has several aspects under Article XI § 8 of the Tennessee Constitution. The legislature has no power to "suspend any general law for the benefit of any particular individual" or to "pass any law granting to any individual or individuals, rights, privileges, immunity, or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. . . ."

Under the prohibitions of Art. XI, § 8 the Supreme Court has invalidated a privilege tax imposed on retail liquor dealers in Williamson County because no reasonable basis was shown for the additional tax burden. *Brentwood Liquors Corp. of Williamson County v. Fox*, 496 S.W.2d 454 (Tenn. 1973). *See also Sandford v. Pearson*, 231 S.W.2d 336 (Tenn. 1950); *Jones v. Haynes*, 424 S.W.2d 197 (Tenn. 1968). Similarly, a solid waste dumping fee in Bedford County was invalidated because it violated a uniform general law relating to solid waste disposal. *City of Tullahoma v. Bedford County*, 938 S.W.2d 408 (Tenn. 1997). These cases show how equal protection may be offended by (1) treating persons in the same category differently without justification and (2) passing laws of local application that violate or suspend the general law.

In this case the plaintiffs rely primarily on the fact that residential developers in Rutherford County are treated differently from developers in other parts of the state, and that the Act singles out apartment buildings from other types of large buildings. But the justification for the disparate treatment is found in the Act itself. It recites that Rutherford County is the fastest growing county in the state and that the County's revenues are not able to keep up with the increased demand on services

resulting from such growth. In the immediate future there will be a need for 34,000 new residential units requiring new and additional facilities at a cost exceeding $110,000,000.

The legislature has considerable latitude in determining what groups are different and what groups are the same. *State v. Smoky Mtn. Secrets*, 937 S.W.2d 905 (Tenn. 1996). Legislative classifications are not arbitrary and capricious if the classification has a reasonable basis and the legislature has the power to make the classification of it is fairly debatable. *Chattanooga v. Harris*, 442 S.W.2d 602 (Tenn. 1969). We are satisfied that the Act in question does not violate the equal protection provisions of the state or federal constitutions.

## IV.

The plaintiffs also argue that the Act is invalid because it imposes double taxation on the same taxable privilege. Reference is made in the pleadings to the Rutherford County Adequate Facilities Tax Act, Ch. 212, Private Acts of 1996. That Act imposed a tax of $.40 per gross square foot on new residential development, to be paid at the time the builder applied for a building permit. The justification for the tax was essentially the same as for the tax under consideration here and the Act provided that it was to be imposed "in addition to all other taxes, fees, assessments, or other revenue raising or land development regulatory measures."

Assuming that both private acts are privilege taxes on the same privilege, our constitution does not prohibit the legislature from imposing double taxation on the same taxable privilege if it is clear that such was the legislative intent. *Oliver v. King*, 612 S.W.2d 152 (Tenn. 1981). In this case both acts were passed at the same legislative session and both provided that the tax was in addition to all other taxes. (The language in the two acts on this subject is identical.) This expression is

sufficient to show the legislative intent to impose both taxes, regardless of the overlap. *See Stalcup v. City of Gatlinburg*, 577 S.W.2d 439 (Tenn. 1978).

## V.

Finally, the plaintiffs alleged that the Act constitutes a taking without just compensation as prohibited in Art. I, § 21 of the Tennessee Constitution. We disagree. "No man's property is taken, but a tax imposed." *L & N Railroad v. County Court*, 33 Tenn. 636 (1854). That distinction was applied by our Supreme Court in a case attacking an act authorizing Cumberland County to impose a privilege tax on the occupancy of hotels and motels. *Pete v. Cumberland County*, 621 S.W.2d 731 (Tenn. 1981). We think the same distinction applies here.

The judgment of the court below is reversed and the challenges to the Rutherford County Development Tax Act, Chapter 215, Private Acts of 1996, are dismissed. All other issues are rendered moot by our decision herein. Remand the cause to the Chancery Court of Rutherford County. Tax the costs on appeal equally to Waldron & Sons, Throneberry Properties, Beaver Construction, Inc. and Indian Park, Ltd.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE