Maxine T. Keeble, Plaintiff in Error,

*v.*

City of Alcoa, Tennessee, a Municipal Corporation, Defendant in Error.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

Joe Van Derveer, Chattanooga, for plaintiff in error.

Goddard & Gamble, Maryville, Kramer, Dye, McNabb & Greenwood, Knoxville, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

The plaintiff in error, hereinafter called the plaintiff, sued the City of Alcoa for damages for allegedly wrongfully discharging her from her employment as a clerk in the defendant's electric department known as The Blount Electric System, it being alleged that she was discharged because of her membership in a labor organization in violation of T.C.A. secs. 50-208 and 50-209 (Tenn. Right to Work Law).

Defendant demurred upon the ground that said law is not applicable to the employer-employe relationship of a municipal corporation.

In a comprehensive memorandum opinion the trial judge sustained the demurrer. Hence this appeal to this Court.

The statutes relied upon by plaintiff provide as follows:

"50-208. *Denial of employment because of affiliation or nonaffiliation with labor union unlawful.*—It shall be unlawful for any person, firm, corporation or association of any kind to deny or attempt to deny employment to any person by reason of such person's membership in, affiliation with, resignation from, or refusal to join or affiliate with any labor union or employee organization of any kind."

"50-209. *Contracting for exclusion from employment because of affiliation or nonaffiliation with labor union unlawful.*—It shall be unlawful for any person, firm, corporation or association of any kind to enter into any contract, combination or agreement, written or oral, providing for exclusion from employment of any person because of membership in, affiliation with, resignation from, or refusal to join or affiliate with any labor union or employee organization of any kind."

The sole assignment of error is that the court erred in holding that said Tennessee Right to Work Statute was intended by the Legislature to apply to private employment only and does not apply to the employment by the State of Tennessee, or its political subdivisions, such as the City of Alcoa.

It is the insistence of the plaintiff that the statutes are plain and free from ambiguity and that the general rule, therefore, is controlling that there is no need for construction; that the legislative intent is to be derived from the clear meaning of the words used. In support of same two cases from the Texas courts are cited: *Lunsford v. City of Bryan,* Tex. 1957, 297 S.W.2d 115; and *Beverly v. City of Dallas,* Tex.Civ.App. 1956, 292 S.W.2d 172.

These cases are not in point, however, because each one of them was dealing with the Texas statute which relates to "public" employment. Examination of these cases discloses that the Texas statutes cover expressly both "private" employment or employes and "public" employes. The other cases cited by plaintiff involve private employment and are therefore of no aid on the question here involved.

■ On the other hand, Tennessee has long been committed to the rule that a state, or political subdivision thereof, is not subject to a statute unless specifically mentioned therein or unless application thereto is necessarily implied. The latest expression of this rule is in *Davidson County v. Harmon,* 200 Tenn. 575, 582, 292 S.W.2d 777, 780, in which a number of Tennessee cases are cited and from one of which, i. e. *Mayor and Aldermen of Morristown v. Hamblen County,* 136 Tenn. 242, 188 S.W. 796, 797, there is quoted a Pennsylvania case, *Jones v. Tatham,* 20 Pa. 398, as follows:

"The general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied."

See also the general rule in 49 Am.Jur. Sec. 14, pp. 235-236, under the head of "States, Territories and Dependencies".

This rule was applied in the well-known case of *United States v. United Mine Workers of America,* 1947, 330 U.S. 258, 67 S.Ct. 677, 686, 91 L.Ed. 884. The question there was the applicability of the Norris-LaGuardia Act,

29 U.S.C.A. sec. 101 *et seq.,* which prohibits a federal court from issuing an injunction in a labor dispute except in limited instances and only after notice to the respondent parties; the United States was in possession of and operating the major portion of the bituminous coal mines in this country under its war powers when the United Mine Workers of America called a strike.

The Supreme Court ruled on the point that the United States was not a private but was a public employer during that time; that the statute did not expressly include the Government, nor did such intention appear by implication; therefore, the statute was not applicable to the United States.

The Court stated that Congress was not ignorant of the rule which had been repeatedly applied in similar cases and that with knowledge of such rule Congress would not in writing the Norris-LaGuardia Act omit to use " 'clear and specific (language) to that effect' if it actually intended to reach the Government in all cases."

Again, in *C. I. O. v. Dallas,* Tex.Civ.App. 1946, 198 S.W.2d 143, it was held that the statute making it lawful for all employes to become members of labor organizations had no application to public employes. Counsel for plaintiff has stated in the brief that this case was overruled by the two Texas cases, *supra.* That is not correct because the statutes involved in the two later cases were enacted in 1947 and it was at that time that "public" employes were included.

The same rule was applied in the following two cases which are cited in *City of Alcoa v. International Broth. of Elec. Wkrs.,* 203 Tenn. 12, 308 S.W.2d 476, infra; they are *Miami Waterworks Local 654 v. City of Miami,* 157

Fla. 445, 26 So.2d 194, 165 A.L.R. 967, and *Nutter v. City of Santa Monica,* 74 Cal.App.2d 292, 168 P.2d 741.

It seems clear, therefore, that it is not a question of whether the language of the statute is ambiguous but rather a question of whether or not it is of such a nature as to compel the inference that it was intended to apply to the Government and its political subdivisions, since there is no express reference to the same in the statute. In viewing the statute, therefore, we consider two things: (1) the conditions that brought about the enactment of Right to Work Laws, and (2) what is the public policy of Tennessee with reference to the application of labor legislation as it affects state and its subdivisions.

The Taft-Hartley Labor Act of 1947, 29 U.S.C.A. sec. 141 *et seq.,* outlaws the closed shop, under which every employe and every new one hired had to be a union member, but it permits the union shop where a union and employer agree. That is, every employe must join the union and every new employe must join within 30 to 60 days of being hired. It further provides that states can pass laws forbidding union shops. Since that time 18 states have passed such legislation which is known as the Right to Work Laws. At present there are 6 states in which Right to Work proposals are substantial issues in the approaching elections. The contest is between business men favoring, with at least a substantial segment of organized labor opposing such legislation. It is essentially a battle between private economic interests, familiarly known as Capital and Labor. Concededly there are from time to time sporadic attempts to apply such statutes to the sovereign as in the present case where the statute does not mention the sovereign.

The public policy of Tennessee is reflected by the case of *City of Alcoa v. International Broth. of Elec. Wkrs. Local 760, supra,* and *Weakley County Municipal Electric System v. Vick,* Tenn.App., 309 S.W.2d 792, in the first of which it was held that a union could not compel a public employer, such as the City of Alcoa, by force of strike to enter into a collective bargaining agreement and in the second case it was held that a county operating a utility was without authority to enter into a collective bargaining agreement with a labor union and that picketing by a union to compel such was unlawful and, therefore, enjoinable.

■ Finally, in view of the *copious* Tennessee cases cited in *Davidson County v. Harmon, supra,* it must be presumed that the Legislature, when it enacted the Right to Work Act in 1947, was cognizant of the rule referred to in those cases and yet failed to mention the sovereign therein in clear and specific language, because otherwise the declared public policy of this state renders it impossible to imply such intention.

The judgment below is affirmed.