**HARRISON CONSTRUCTION COMPANY,**
Plaintiff-Appellee,

v.

**GIBSON COUNTY BOARD OF EDUCATION, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, Jackson.

April 28, 1982.

Rehearing Granted June 21, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 22, 1982.

Hal Holmes, Trenton, for defendant-appellant.

L. L. Harrell, Jr., Trenton, for plaintiff-appellee.

NEARN, Judge.

The sole issue on this appeal is whether, pursuant to T.C.A. § 66–11–144, the plaintiff building contractor is entitled to the interest earned on retained funds held by the defendant public body.

The Harrison Construction Company brought suit to recover from Gibson County Board of Education interest earned on items of "retainage" withheld from periodic payments under a school building contract. The matter was tried on undisputed and stipulated facts, which are that the plaintiff fully performed a $2,500,000.00 contract to build a school, that the defendant paid all amounts, including retainage, due under the contract, and that during performance of the contract the retainage funds had been held and invested by the trustee of Gibson County, which retained funds earned $34,023.00 in the hands of defendant. The Trial Court entered judgment for the plaintiff in the amount of $34,023.00, and defendant appeals.

Defendant's argument is that T.C.A. § 66–11–144 does not apply to construction contracts of public bodies because T.C.A. § 12–4–108 is a special statute dealing with construction contracts of public bodies and provides a method of early withdrawal of retained funds by the contractor.

The statutes in question are:

66–11–144. Portion of contract price held in escrow.—(a) Whenever, in any contract for the improvement of real property a certain amount or percentage of the contract price is held back by the owner or contractor, that retained amount shall be deposited in a separate escrow account with a third party giving proper security for the performance of their obligation.

(b) As of the time of the deposit of the retained funds, they shall become the sole and separate property of the contractor, subcontractor, materialman, or laborer to whom they are owned.

(c) Upon satisfactory completion of the contract, to be evidenced by a written release by the owner or contractor, all funds accumulated in the escrow account together with any interest thereon shall be paid immediately to the contractor, subcontractor, materialman or laborer to whom it is owed.

(d) ....

\* \* \* \* \* \*

12–4–108. Contractors—Withdrawal of retained funds. Under any construction contract entered into by the state of Tennessee, or any department or agency thereof, including the University of Tennessee, and including contracts entered into by the Tennessee bureau of highways pursuant to the authority contained in Section 54–513, or by any county, municipality or other political subdivision of said state, including a metropolitan government, the contractor may, from time to time, withdraw any part, or the whole, of the amount which has been retained from partial payments to the contractor pursuant to the terms of contract, upon depositing with or delivery to the treasurer of the state, or other appropriate public official designated in the contract document; (1) United States treasury bonds, United States treasury notes, United States treasury bills or (2) general obligation bonds of the State of Tennessee, or (3) certificates of deposit from a state or national bank having its principal office in the state of Tennessee, or (4) a letter of credit from a state or national bank having its principal office in the State of Tennessee. No retained amount shall be withdrawn which would represent an amount in excess of the market value of the securities at the time of deposit or of the par value of such securities, whichever is lower, or in excess of the maximum amount committed and stated in the letter of credit.

At the time of deposit of any securities the same shall be endorsed, if necessary, and shall be accompanied by a conditional assignment to the state of Tennessee, or to the other public body designated as "owner" in the contract documents, which will empower the treasurer of the state, or other appropriate public official designated to have custody of same, to negotiate same at any time to the extent necessary to cause the contract to be fulfilled. At the time of the deposit of any letter of credit, the same shall be accompanied by an authorization by the contractor to deliver the retained funds to the issuing bank and a commitment from the issuing bank that the retained funds delivered to it shall be invested in one of the forms of securities enumerated hereinabove and delivered to the treasurer of the state or other appropriate public official in exchange for the letter of credit, said securities to be endorsed, if necessary, and accompanied by a conditional assignment to the state of Tennessee, or to the other public body designated as "owner" in the contract documents, which will empower the treasurer of the state, or other appropriate public official designated to have custody of same, to negotiate the same at any time to the extent necessary to cause the contract to be fulfilled.

The treasurer of the state, or other appropriate public official so designated, shall have the power to enter into a contract or agreement with any state or national bank having a trust department located in Tennessee for custodial care and servicing of any securities deposited with such official pursuant to this section. Such services shall consist of the safekeeping of said securities and of all services required to effectuate the purposes of this section.

So long as any securities remain on deposit, the treasurer of the state, or other appropriate public official shall, on a regular basis, collect all interest or income on the obligations so deposited and shall pay the same when and as collected, less any custodial care and servicing costs involved, to the contractor. The securities which remain on deposit at the time of completion of any contract and observance by the parties to the contract of any other statutory obligations relative thereto, shall be returned to the contractor. As used in this section, contractor includes the subcontractor.

We find no basis for appellant's conclusion that T.C.A. § 66–11–144 was not intended to apply to construction contracts of a public body. The statute applies to "any contract." The rule of statutory construction cited by appellant—that a special statute controls a general provision in another statute—has no application unless the statutes "appear to contravene each other." *Woodroof v. City of Nashville,* (1946) 183 Tenn. 483, 192 S.W.2d 1013. The existence of a statute—T.C.A. § 12–4–108—enhancing the rights of those having contracts with public bodies does not *contravene* a statute meant to apply to all contracts.

Nor does the statute, as defendant contends, create an impermissible lien on public funds. The statute merely requires that retainages be placed in an escrow account and that the funds then become the property of the contractor.

Finally, even if we agreed, which we do not, that the two statutory alternatives available to the contractor create an unrea-

sonable or unnecessary burden on the public body, that argument would not be relevant in this Court whose job it is to interpret, not revise, legislative enactments.

Accordingly, the judgment of the Trial Court is affirmed.

Costs of appeal are adjudged against appellant.

## OPINION ON PETITION TO REHEAR

A courteous and pertinent petition to rehear has been filed by counsel for defendant-appellant. In the petition counsel invites the Court's attention to the case of *Keeble v. City of Alcoa,* (1958) 204 Tenn. 286, 319 S.W.2d 249. The case was not previously cited to the Court and was overlooked by counsel and the Court. Rule 39, Tennessee Rules of Appellate Procedure, states that a rehearing will be considered by the Court when the Court's opinion has overlooked a material proposition of law. In this instance our former opinion did and we grant the petition.

The *Keeble* case raised the issue of whether a general statute (Tennessee Right to Work Law) applied to the municipality of Alcoa. The Supreme Court stated

Tennessee has long been committed to the rule that a state, or political subdivision thereof, is not subject to a statute unless specifically mentioned therein or unless application thereto is necessarily implied,

and then cited with approval from a previous case as follows:

The general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied.

Then, the Court went on to hold that the rule to follow in construing a general statute that did not expressly refer to a sovereign was whether the language of the statute "is of such a nature as to compel the inference that it was intended to apply to the government and its political subdivision—."

From the foregoing statements and from the holdings in the numerous cases cited by the Supreme Court in the *Keeble* case, we conclude that a Court is not to infer that a general statute applies to the sovereign when the words thereof are silent as to the sovereign and would place a burden upon same if included. Further, the construing Court is in fact to infer that the sovereign is not included unless the language impels the Court to the clear conclusion that the Legislature intended to bind the sovereign.

We must admit, as evidenced by our former opinion, that we construed the statute in question in a completely even handed manner. We used no inference or presumptions in either party's favor. In such method of construction, we now conclude we erred. Since there is no express reference to the sovereign in the statute in question, there is a legally imposed inference of the non-inclusion of the sovereign in the applicability of T.C.A. § 66–11–144. From that inference, coupled with the fact that there is a code section dealing explicitly with public contracts (T.C.A. § 12–4–108), we are now compelled to hold that T.C.A. § 66–11–144 does not apply to the defendant Gibson County Board of Education.

Accordingly, our previous holding is reversed as well as the judgment of the Trial Court and the plaintiff's suit must be dismissed.

Since this matter has been ultimately determined on a petition to rehear based upon authority not previously cited, the costs below and of appeal will be adjudged one-half against the plaintiff-appellee and one-half against the defendant-appellant.

MATHERNE and SUMMERS, JJ., concur.