ABC PLUMBING AND HEATING,
INC., Plaintiff/Appellee,

v.

DICK CORPORATION,
Defendant/Appellant.

Supreme Court of Tennessee,
at Jackson.

Jan. 14, 1985.

Ronald Lee Gilman, Farris, Hancock, Gilman, Branan & Hellen, Memphis, for plaintiff/appellee.

Leo Bearman, Jr., Memphis, for defendant/appellant.

OPINION

LLOYD TATUM, Special Justice.

This is a dispute between the general contractor and subcontractor on a public job as to who is entitled to interest earned on "retainage." The Chancellor held that the contractor was entitled to the interest. In a split decision, the Court of Appeals reversed the Chancellor, holding that the

subcontractor should prevail. We reverse the judgment of the Court of Appeals and affirm that of the Chancellor.

The Dick Corporation entered into a contract with the City of Memphis on July 22, 1980, for construction of the Mud Island project. On August 16, 1980, the Dick Corporation entered into a subcontract agreement with the plaintiff below, ABC Plumbing and Heating, Inc., to perform the plumbing work on this project. As provided in the subcontract, Dick withheld ten percent of all amounts due to ABC for satisfactory completion of the subcontract. ABC's retainage totaled $125,760.53, which was withheld from October 27, 1980, until payments were made in May, August, and October of 1982 by Dick to ABC.

The prime contract between the City of Memphis and the Dick Corporation also provided for retainage. From March 19, 1981 to March 18, 1982, Dick withdrew a total of $1,665,225.00 in retainage which was being held by the City of Memphis on the project. Retainage for work done on the subcontract by ABC was included in these withdrawals. In order to effectuate these withdrawals, Dick posted interest-bearing certificates of deposit in substantially the same amount as the accrued retainage which was withdrawn. All interest on the certificates was paid to Dick. ABC deposited no securities with either the City of Memphis or with Dick, the general contractor, and received no interest on the retainage. The subcontractor, ABC, sued the general contractor, the Dick Corporation, for interest on the retainage withheld.

ABC relies upon T.C.A. § 66–11–144, which provides:

"66–11–144. Portion of contract price held in escrow.—(a) Whenever, in any contract for the improvement of real property a certain amount or percentage of the contract price is held back by the owner or contractor, that retained amount shall be deposited in a separate escrow account with a third party giving proper security for the performance of their obligation.

(b) As of the time of the deposit of the retained funds, they shall become the sole and separate property of the contractor, subcontractor, materialman, or laborer to whom they are owed.

(c) Upon satisfactory completion of the contract, to be evidenced by a written release by the owner or contractor, all funds accumulated in the escrow account together with any interest thereon shall be paid immediately to the contractor, subcontractor, materialman or laborer to whom it is owed.

(d) In the event the owner or contractor fails or refuses to execute the release provided for in subsection (c), then the contractor, subcontractor, materialman, or laborer, shall seek his remedy in a court of proper jurisdiction and the person holding said fund as escrow agent shall bear no liability for the nonpayment thereof to the contractor, subcontractor, materialman, or laborer."

The Dick Corporation insists that the foregoing statute is inapplicable because the work was performed for the City of Memphis. Dick insists that the controlling statute is T.C.A. § 12–4–108: *

"12–4–108. Contractors—Withdrawal of retained funds.—Under any construction contract entered into by the state of Tennessee, or any department or agency thereof, including the University of Tennessee, and including contracts entered into by the Tennessee bureau of highways pursuant to the authority contained in § 54–513, or by any county, municipality or other political subdivision of said state, including a metropolitan government, the contractor may, from time to time, withdraw any part, or the whole, of the amount which has been retained from partial payments to the contractor pursuant to the terms of contract, upon depositing with or delivery to the treasurer of the state, or other appropriate public official designated in the contract document; (1) United States treasury bonds, United States treasury notes, United States treasury bills, or (2) general obligation bonds of the state of Ten-

---

* The statute as quoted herein was substituted by Public Acts of 1983. Chapter 118.

nessee, or (3) certificates of deposit from a state or national bank having its principal office in the state of Tennessee, or (4) a letter of credit from a state or national bank having its principal office in the state of Tennessee. No retained amount shall be withdrawn which would represent an amount in excess of the market value of the securities at the time of deposit or of the par value of such securities, whichever is lower, or in excess of the maximum amount committed and stated in the letter of credit.

At the time of deposit of any securities the same shall be endorsed, if necessary, and shall be accompanied by a conditional assignment to the state of Tennessee, or to the other public body designated as 'owner' in the contract documents, which will empower the treasurer of the state, or other appropriate public official designated to have custody of same, to negotiate same at any time to the extent necessary to cause the contract to be fulfilled. At the time of the deposit of any letter of credit, the same shall be accompanied by an authorization by the contractor to deliver the retained funds to the issuing bank and a commitment from the issuing bank that the retained funds delivered to it shall be invested in one of the forms of securities enumerated hereinabove and delivered to the treasurer of the state or other appropriate public official in exchange for the letter of credit, said securities to be endorsed, if necessary, and accompanied by a conditional assignment to the state of Tennessee, or to the other public body designated as 'owner' in the contract documents, which will empower the treasurer of the state, or other appropriate public official designated to have custody of same, to negotiate the same at any time to the extent necessary to cause the contract to be fulfilled.

The treasurer of the state, or other appropriate public official so designated, shall have the power to enter into a contract or agreement with any state or national bank having a trust department located in Tennessee for custodial care and servicing of any securities deposited with such official pursuant to this section. Such services shall consist of the safekeeping of said securities and of all services required to effectuate the purposes of this section.

So long as any securities remain on deposit, the treasurer of the state, or other appropriate public official shall, on a regular basis, collect all interest or income on the obligations so deposited and shall pay the same when and as collected, less any custodial care and servicing costs involved, to the contractor. The securities which remain on deposit at the time of completion of any contract and observance by the parties to the contract of any other statutory obligations relative thereto, shall be returned to the contractor. *As used in this section, contractor includes the subcontractor.* (citations omitted.)" (Emphasis supplied)

The Court of Appeals held that the prime contract between the City of Memphis and the Dick Corporation was governed by T.C.A. § 12–4–108 but that the subcontract is governed by T.C.A. § 66–11–144 because there was no privity between the City of Memphis and ABC, the subcontractor.

In the opinion on the petition to rehear in *Harrison Construction Company v. Gibson County Board of Education,* 642 S.W.2d 148 (Tenn.App.1982), the Court of Appeals held that only T.C.A. § 12–4–108, and not T.C.A. § 66–11–144, applies when the work contracted for is performed for the State or any of its departments, agencies or subdivisions mentioned in T.C.A. § 12–4–108. The *Harrison* court said:

"... Since there is no express reference to the sovereign in the statute in question, there is a legally imposed inference of the non-inclusion of the sovereign in the applicability of T.C.A. § 66–11–144. From that inference, coupled with the fact that there is a code section dealing explicitly with public contracts (T.C.A. § 12–4–108), we are now compelled to hold that T.C.A. § 66–11–144 does not

apply to the defendant Gibson County Board of Education." *Id.* at 151.

In the subcontract between ABC and Dick Corporation, the prime contract between the City of Memphis and Dick was referred to and the subcontract specifically provided that ABC would comply with certain portions of the prime contract. There can be no doubt that ABC had knowledge that it was a subcontractor to a general contractor under contract to a governmental entity—the City of Memphis.

Dick Corporation is a general or principal contractor. *Black's Law Dictionary* 615 (5th ed. 1979) defines a general or principal contractor in the building sense as

> "One who contracts for the construction of an entire building or project, rather than for a portion of the work. The general contractor hires subcontractors (*e.g.* plumbing, electrical, etc.), coordinates all work, and is responsible for payment to subcontractors...."

Definitions of a subcontractor include "one who takes a portion of a contract from principal contractor or another subcontractor" and "one who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance." *Id.* at 1277. The term "contractor" has been defined as follows:

> "... In its broadest sense every person who enters into a contract or takes upon himself contract obligations of any kind is a contractor, but as ordinarily used it is applied to any person who in pursuit of an independent business undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in all its details; the true test of a 'contractor' appearing to be that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished." (citations omitted)

*Storm v. Thompson,* 185 Iowa 309, 170 N.W. 403 (1919).

Only the term "contractor" is used in T.C.A. § 12–4–108; there is no language in the statute to indicate that the word "contractor" was used to mean "general contractor" and not "subcontractor." We think that the term "contractor," as used in § 12–4–108, encompasses both general contractors and subcontractors.

■ Our view that § 12–4–108 applies to subcontractors as well as general contractors is bolstered by the last sentence in T.C.A. § 12–4–108, which provides: "As used in this section, contractor includes the subcontractor." The statute (§ 12–4–108) is applicable only to construction contracts. Thus, for privity of contract to exist between the governmental entity and a subcontractor, the government would be required to be the general contractor for construction of a project for another, and employ a subcontractor. There is no provision in T.C.A. § 12–4–108 requiring privity between the governmental entity and the contractor to make the statute applicable. Giving the statute its ordinary meaning, we hold that the word "contractor" in § 12–4–108 means both general contractors and subcontractors, regardless of whether there is privity between the governmental body and the "contractor."

■ There was a valid provision in the contract between ABC and Dick:

> "Pursuant to Section 12–434 of the Tennessee Code Annotated (now Tennessee Code Annotated Section 12–4–108), the Contractor intends to pledge acceptable security to the City of Memphis, Tennessee in order to obtain the release of its retainage on a periodic basis throughout the progress of the project. Accordingly, if the Subcontractor desires to have its retention reduced periodically through the life of this project, the Subcontractor shall be required to pledge acceptable security to the contractor which must meet the following conditions in order to permit the release of said retainage:

1. The security must be acceptable to the Contractor and pledged to the Contractor and placed in safekeeping in a local bank, at no expense to the Contractor.

2. Instructions must be given to the local bank to forward to the Contractor the safekeeping receipt fully describing the pledged security.

3. Subcontractor must send a written request for retainage release to the Contractor.

For each retainage release requested by this Subcontractor, a charge of THIRTY-FIVE DOLLARS ($35.00) will be deducted from each retainage release. Any interest paid on the pledged security shall accrue to the benefit of the Subcontractor."

This provision in the contract is valid and binding upon ABC and Dick. It does no more than provide a convenient method for both parties to obtain their appropriate retainage. ABC did not comply with T.C.A. § 12–4–108 or with the above-quoted provision in the contract. Therefore, ABC was not entitled to early payment of retainage, interest thereon or interest paid on security placed with the City of Memphis by Dick Corporation.

The judgment of the Court of Appeals is reversed and that of the Chancellor is affirmed. Costs are adjudged against the appellee, ABC Plumbing and Heating, Inc.

COOPER, C.J., and HARBISON, J., concur.

BROCK, J., files dissent in which DROWOTA, J., joins.

BROCK, Justice, dissenting.

I respectfully dissent.

The majority concludes that T.C.A., § 12–4–108, applies to subcontractors as well as general contractors, regardless of the privity between the subcontractor and the public body. The thrust of its opinion is that since the contractual rights of the plaintiff emanate solely from the public contract between Dick Corporation and the City of Memphis, both contracts are governed by T.C.A., § 12–4–108. I disagree.

The two agreements are separate and made between separate parties. The fact that the subcontract agreement embodies the general contract made between Dick Corporation and the City of Memphis does not convert the two agreements into one and does not convert the subcontract into a contract with a public entity.

I am of the opinion that a more reasonable interpretation of § 12–4–108 than the one set forth in the majority opinion is that the statute applies to a subcontractor only when there is privity between the public body and the subcontractor. My conclusion is supported by the legislative history of the statute. Section 12–4–108 was amended by 1971 Tenn.Pub. Acts 340, § 1 which added the following sentence: "As used in this section, contractor includes the subcontractor." The sponsor of S.B. 1015, which became Pub. Ch. 340, made the following statement immediately prior to its passage in the Senate:

"This bill, along with the one passed last year, permits contractors on state jobs to put up the proper security that is acceptable to the Treasurer and Comptroller so that they could withdraw their retainage in the job and be permitted to earn money on their retainage rather than have to lose money, or accrue interest on their money while they wait for completion of the job. This merely permits the subcontractor, *when they are in direct relationship with the state,* to do the same thing. Pending any questions, I move passage on third and final reading." Legislative recording, May 13, 1971, Senate: Senator Ed Blank S.B. 1015, Disc. No. S–145 (emphasis added).

That statement indicates that the statute as amended was intended to apply only to those subcontractors who are in privity with a public body. A subcontractor could be in privity with a public body, for exam-

ple, on a job in which the public entity acts as the general contractor for its own project.

The majority opinion cites *Harrison Construction Co. v. Gibson County Board of Education*, 642 S.W.2d 148 (Tenn.App.1982). The question in that case was whether a contractor on a public job is entitled to interest earned on the retainage held by the public body. *Harrison* is not controlling in the instant case because here we are dealing with a contract between a general contractor and a subcontractor, neither of which are public entities.

In the subcontract agreement, the parties agreed that if ABC desired to have its retention reduced periodically through the life of the project, ABC would be required to pledge acceptable security to Dick Corporation. That agreement, however, does not negate Dick Corporation's duty under T.C.A., § 66–11–144, to pay interest to ABC if the retainage is not reduced.

Because the contract between ABC and Dick Corporation does not include a public entity, I would hold that T.C.A., § 66–11–144, is applicable and thus the interest earned on the retainage is the property of A.B.C. I am authorized to state that Mr. Justice Drowota concurs in this dissent.