**Lisa DALEY, Claimant/Appellant,**

v.

**STATE of Tennessee, Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 23, 1993.

Application for Permission to Appeal Denied by Supreme Court Nov. 1, 1993.

David M. Sullivan, Memphis, for claimant/appellant.

Beauchamp E. Brogan, Gen. Counsel, University of Tennessee, Memphis, Catherine S. Mizell, Associate Gen. Counsel and Odell Horton, Jr., Asst. Gen. Counsel, for defendant/appellee.

TOMLIN, Presiding Judge (Western Section).

Lisa Daley ("claimant") by and through her attorney filed a claim against the State of Tennessee ("State") with the Division of Claims Administration, seeking damages for the alleged negligent violation of her constitutional and statutory rights by the Honor Council of the University of Tennessee College of Pharmacy. The claim was transferred by the Division of Claims Administration to the Claims Commission, pursuant to T.C.A. § 9–8–402(c). Thereafter, claimant filed a formal complaint with the Claims Commission. The state filed a motion to dismiss, asserting that the rights of the claimant alleged to have been violated were not "statutory rights," thus the commission lacked jurisdiction to entertain the claim. The commissioner granted State's motion. The sole issue presented by this appeal is whether the commissioner erred in so doing. We find no error and affirm.

The pertinent facts as set out in claimant's complaint are as follows:

1. Plaintiff is a resident of Memphis, Shelby County, Tennessee.

2. At all times material and pertinent hereto, plaintiff was enrolled as a student in the College of Pharmacy at the University of Tennessee at Memphis.

3. On or about July 12, 1990, plaintiff received a letter dated July 10, 1990 from the University of Tennessee wherein she was given notice that she was being charged with a violation of the University's Honor Code. The letter contained a general allegation that she used, gave or received unauthorized aid during four examinations given during the spring 1990 term. . . .

4. The University of Tennessee published an Honor Code that set forth the procedures by which allegations against students would be handled. In addition, the Honor Code set forth the duties and responsibilities of students, faculty and Honor Council members with respect towards the enforcement of the Honor Code. . . .

5. Plaintiff alleges that the Notice of Charge against her was not brought in accordance with the mandatory procedure set forth in the University's Honor Code.

.    .    .    .    .

27. Plaintiff alleges that she would not have been charged with violating the University's Honor Code if the University's officers, agents, and employees had not negligently violated her rights as expressed in the University's Honor Code and her rights as guaranteed by the fourteenth amendment to the Constitution of the United States.

The remaining portions of claimant's complaint describe the provisions of the honor code that are to be followed when a student is accused of cheating and the resulting action taken by council members that she alleges were not in conformity with those provisions.

Article I, Section 17 of the State Constitution provides that: "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

The state legislature, in T.C.A. § 9–8–307, codified the jurisdiction of the Tennessee Claims Commission as to what causes of action it might entertain involving money damages against the state. Claimant's cause falls clearly within subsection (a)(1)(N), which reads as follows:

Negligent deprivation of statutory rights, except for actions arising out of claims over which the civil service commission has jurisdiction ...[1]

■ Claimant contends that a rational construction of the term "statutory rights" should include any enactment, whether legislative or administrative, that is given the force of law. On the other hand, State contends that the Honor Code of the School of Pharmacy of the University of Tennessee, set out in Chapter 1720–3–1 of the Rules and Regulations of the State, is a regulation, not a statute, and therefore does not fall within the parameters of § 9–8–307(a)(1)(N).

■ A statute permitting a suit against the state under the authority of Article I, Section 17 of the Constitution of Tennessee must be strictly construed and the jurisdiction cannot be enlarged by implication. *Stokes v. University of Tennessee at Martin,* 737 S.W.2d 545, 546 (Tenn.App.1987). The state cannot be subjected to suits by individuals unless the words of the act are so plain, clear and unmistakable as to leave no doubt of the intention of the Legislature that it should be done. *Quinton v. Board of Claims,* 165 Tenn. 201, 54 S.W.2d 953, 957 (1932); *see also Brewington v. Brewington,* 215 Tenn. 475, 387 S.W.2d 777, 779 (1965).

At issue in this case are certain provisions of the Honor Code of the School of Pharmacy of the University of Tennessee. This Honor Code was developed in accordance with the provisions of the Uniform Administrative Procedures Act, T.C.A. § 4–5–101 *et seq.,* which authorizes state agencies to adopt rules and procedures. Claimant contends that the term "statutory rights" is broad enough to include administrative regulations adopted by a state agency. In *Rutherford v.*

*Swink,* 96 Tenn. 564, 35 S.W. 554 (1896), in ascertaining whether an ordinance of a municipality was a "statute," our Supreme Court stated as follows:

[A]n ordinance of the councils of a municipality, though binding upon the community affected by it, is not a "law," in the legal sense. It is not prescribed by the supreme power of the state, from which alone a law can emanate, and it is not of general authority throughout the commonwealth.... A statute is defined to be "the written will of the legislature, expressed in the form necessary to constitute in part of the law; and act of legislation; and enactment; a written law."

*Id.* at 555.

Our research has unearthed only two cases involving actions against the state for alleged negligent deprivation of statutory rights. Both involved alleged deprivation of rights created by statutes enacted by the legislature. *See Bryson v. State,* 793 S.W.2d 252 (Tenn.1990) and *Computer Shoppe, Inc. v. State,* 780 S.W.2d 729 (Tenn.App.1989).

Under the rule of strict construction adopted by the appellate courts of this state, we cannot presume that the legislature, by enacting § 9–8–307(a)(1)(N) intended to waive the sovereign immunity of the state any more than expressly stated. If the General Assembly had intended to remove sovereign immunity of the state to allow claims for negligent deprivation of rights created by a state agency regulation, it could just as well included the term "regulatory rights" as it had at one point included the provision "constitutional rights."

For the above-stated reasons, the order of the commissioner dismissing claimant's complaint is affirmed. Costs in this cause on appeal are taxed to claimant, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.

---

1. This provision, before its amendment in 1989, included "constitutional rights." The amendment deleted this phrase from the code section, hence we will address only alleged "statutory rights."