## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

RAY DARRIS THOMPSON, )
)
    Claimant/Appellant, ) Claims Commission No. 305139
)
VS. ) Appeal No. 02A01-9705-BC-00102
)
STATE OF TENNESSEE, )
)
    Respondent/Appellee. )

FILED

February 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE TENNESSEE CLAIMS COMMISSION
FOR THE WESTERN SECTION
THE HONORABLE MARTHA BRASFIELD, COMMISSIONER

**RAY DARRIS THOMPSON, pro se**
Mountain City, Tennessee

**JOHN KNOX WALKUP**
**Attorney General and Reporter**
**SOHNIA W. HONG**
**Assistant Attorney General**
Attorneys for Appellee, State of Tennessee

**AFFIRMED**

                                        **ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Ray Darris Thompson appeals a final order of the Claims Commission dismissing his claim for lack of subject matter jurisdiction. We affirm.

Thompson, a prison inmate, filed this claim against the State of Tennessee after he was punished by employees and officials of the Tennessee Department of Correction (DOC) for possessing a deadly weapon. In essence, Thompson's claim alleged that DOC employees and officials negligently deprived him of "state law rights" because, in punishing Thompson, they failed to follow certain DOC policies and procedures.

The State of Tennessee, through its Attorney General, filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In its motion, the State argued, inter alia, that the Claims Commission lacked subject matter jurisdiction to determine Thompson's claim because the claim failed to allege that DOC employees and officials negligently deprived Thompson of statutorily granted rights as required by the Tennessee Claims Commission Act. The Commissioner of Claims agreed and entered an order dismissing Thompson's claim. This appeal followed.

The Tennessee Claims Commission Act grants the Claims Commission exclusive jurisdiction to determine all monetary claims against the State for the "[n]egligent deprivation of statutory rights." T.C.A. § 9-8-307(a)(1)(N) (1992). This court previously has rejected the argument that the term "statutory rights" as used in the Act is broad enough to include administrative regulations adopted by a state agency. In Daley v. State, 869 S.W.2d 338 (Tenn. App. 1993), we explained:

> Our research has unearthed only two cases involving actions against the state for alleged negligent deprivation of statutory rights. Both involved alleged deprivation of rights created by statutes enacted by the legislature. See Bryson v. State, 793 S.W.2d 252 (Tenn. 1990) and Computer Shoppe, Inc. v. State, 780 S.W.2d 729 (Tenn. App. 1989).
>
> Under the rule of strict construction adopted by the appellate courts of this state, we cannot presume that the legislature, by enacting § 9-8-307(a)(1)(N) intended to waive the sovereign immunity of the state any more than expressly stated. If the General Assembly had intended to remove

2

> sovereign immunity of the state to allow claims for negligent
> deprivation of rights created by a state agency regulation, it
> could just as well [have] have included the term "regulatory
> rights" as it had at one point included the provision
> "constitutional rights."

Daley, 869 S.W.2d at 340. In accordance with Daley, we hold that the Commissioner properly dismissed Thompson's claim based on lack of subject matter jurisdiction. Thompson's claim alleged no deprivation of "statutory rights" as required by section 9-8-307(a)(1)(N). Instead, his claim alleged only a deprivation of rights arising from DOC's policies and procedures.

On appeal, Thompson insists that his claim, as later amended, states a claim under section 9-8-307(a)(1)(N) because it alleges that DOC employees and officials deprived him of the "right to be free from unauthorized means of punishment as provided by T.C.A. § 41-21-404." Contrary to Thompson's contention, however, section 41-21-404 does not appear to grant inmates a broad statutory right to be free from unauthorized punishment pursuant to DOC's policies and procedures. The statute merely provides that "[n]o convict shall be punished in any other way than is provided in this title, except by the authority of the commissioner of correction." T.C.A. § 41-21-404 (1990). On appeal and before the Claims Commission, Thompson has cited no provision of Title 41 (Correctional Institutions and Inmates) which was violated when he was punished by DOC employees and officials, nor has he alleged that his punishment was not authorized by the commissioner of correction.

We also reject Thompson's contention that the State was estopped from raising lack of subject matter jurisdiction before the Claims Commission. Thompson raised this estoppel argument because, in a related proceeding against individual DOC employees and officials in the Thirtieth Judicial Circuit, the State moved to dismiss Thompson's complaint on the ground that the Claims Commission had exclusive jurisdiction over monetary claims arising from the negligent deprivation of statutory rights. It is well established, however, that jurisdiction over the subject matter can be conferred only by the Tennessee Constitution or the Legislature; subject matter jurisdiction "cannot be conferred

3

or enlarged by waiver, consent or estoppel." <u>Brown v. Brown</u>, 281 S.W.2d 492, 501 (Tenn. 1955); <u>accord</u> <u>Riden v. Snider</u>, 832 S.W.2d 341, 343 (Tenn. App. 1991); <u>Computer Shoppe, Inc. v. State</u>, 780 S.W.2d 729, 734 (Tenn. App. 1989).  Moreover, we do not view the State's argument before the circuit court in Shelby County to be a concession that Thompson's complaint successfully stated a cause of action pursuant to section 9-8-307(a)(1)(N).

The judgment of the trial court is hereby affirmed.  Costs on appeal are taxed to Thompson, for which execution may issue if necessary.

_____
HIGHERS, J.


CONCUR:


_____
FARMER, J.


_____
LILLARD, J.

4