NORTHLAND INSURANCE CO.,  )
  )
  Plaintiff/Appellee,  )  Appeal No.
  )  01-A-01-9811-BC-00616
v.  )
  )  Tennessee Claims Commission
STATE OF TENNESSEE,  )  No. 94435
  )
  Defendant/Appellant.  )

**FILED**

September 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE TENNESSEE CLAIMS COMMISSION FOR
DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE W. R. BAKER, COMMISSIONER

JAMES G. O'KANE
Baker, McReynolds, Byrne,
 O'Kane, Shea & Townsend
607 Market Street, 11th Floor
P. O. Box 1708
Knoxville, Tennessee 37901-1708
      ATTORNEY FOR PLAINTIFF/APPELLEE

PAUL G. SUMMERS
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ANTHONY D. MILLER
LAURA T. KIDWELL
Assistant Attorneys General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee 37243
      ATTORNEYS FOR DEFENDANT/APPELLANT

REVERSED AND DISMISSED

WILLIAM B. CAIN, JUDGE

# OPINION

The State of Tennessee appeals an adverse judgment of the Tennessee Claims Commission. Because we have determined that the Claims Commission lacks subject matter jurisdiction, the judgment of the Commission is reversed.

The genesis of the claim was a multiple vehicle accident occurring in the west bound lane of Interstate Highway 40 in Putnam County, Tennessee on March 14, 1988. Since the appellants challenge only the failure of the Claims Commission to dismiss the claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for lack of subject matter jurisdiction, there is neither transcript of the evidence nor Rule 24(c) statement of the evidence before this court. "[W]hen a complaint is tested by a [Rule] 12.02(6) motion to dismiss, we must take all the well-pleaded, material factual allegations as true, and we must construe the complaint liberally in the plaintiff's favor." *Dobbs v. Guenther,* 846 S.W.2d 270, 273 (Tenn. App. 1992).

The complaint alleges that on the morning of March 14, 1988, near mile marker 296 on Interstate 40 in Putnam County, Tennessee, a tractor trailer, driven by Dion Deskovic, was involved in a motor vehicle accident while traveling in the west bound lane. This accident resulted in a spill of diesel fuel in the west bound lanes. Employees of the Tennessee Department of Transportation spread sand on the highway because of the presence of the diesel fuel. At this time, Kenneth B. McDonald, an employee of Tennessee Walnut, Inc. and Grundy County Lumber Co., Inc., was driving a 1985 Mack truck and flatbed trailer in a westerly direction on Interstate 40. As he came upon the scene of the previous accident, Mr. McDonald attempted to control his vehicle. However, since the Deskovic vehicle was disabled and parked partially in the right west bound lane of Interstate 40, Mr. McDonald, despite all reasonable precautions, was unable to control his vehicle. Mr. McDonald's Mack truck struck and killed Mr. Deskovic, seriously and permanently injured one Robert L. Sheppard, and slightly injured one Emmett McGuire, all of whom were attending in some manner the disabled Deskovic vehicle.

2

Suit was filed by Mr. Sheppard and his wife, Mr. McGuire and his wife, and the estate of Mr. Deskovic against Tennessee Walnut, Inc., Grundy County Lumber Co., Inc., and Kenneth B. McDonald. The tractor flatbed trailer vehicle driven by Mr. McDonald was being operated by him at the time of the accident, within the scope of his employment with Tennessee Walnut and Grundy County Lumber. Northland Insurance Company, the liability insurer of these defendants, settled the cases by paying $150,000.00 to the estate of Dion Deskovic, $5,000.00 to Mr. and Mrs. McGuire, and $845,000.00 to Mr. and Mrs. Sheppard.

After this settlement was made, Tennessee Walnut, Grundy County Lumber, and Mr. McDonald filed their claim with the Tennessee Claims Commission seeking indemnity and contribution for the $1,000,000.00 paid in total as a settlement by Northland Insurance. On May 28, 1992, Northland Insurance ("Appellee") filed a motion to be substituted as plaintiff and real party in interest before the Claims Commission. This motion was not opposed by the State ("Appellant") and was granted by the Commission on July 22, 1992.

The next action disclosed in the record occurred March 28, 1996, when the State of Tennessee filed its 12.02(6) motion to dismiss for lack of subject matter jurisdiction. On May 14, 1996, the Claims Commission entered the following order:

> The State has filed a motion to dismiss saying, "... there is no provision ... allowing ... action against the State by an insurance company for contribution, indemnity, or subrogation."
> In July 1992 an order was entered in this claim saying: "On motion of ... Northland Insurance Company, and for good cause shown, and there being no opposition thereto by the State of Tennessee as evidenced by the signature of the Deputy Attorney General, it is hereby ordered that all claims available ... be and hereby are consolidated in this proceeding and that Northland Insurance Company be and hereby is substituted as Plaintiff real party in interest and that this matter shall proceed ..."
> And so it appears from the record that it was adjudged over three years ago that this claimant is proceeding as a "real party in interest," in contrast to proceeding for subrogation.
> The State's motion is denied.

The case was heard on its merits October 19th and 20th, 1998, by

Honorable W. R. Baker, Commissioner. The Commissioner held that Appellee's actual damages were $845,000.00, representing the sums paid to settle the claims of Robert Sheppard and wife. Considering all of the fault at 100%, the Commissioner found the State of Tennessee to be 80% at fault and Robert Sheppard to be 20% at fault, with Kenneth McDonald and Dion Deskovic exonerated from fault. This left total damages recoverable against the State of Tennessee of $676,000.00, but judgment was limited against the State of Tennessee to $300,000.00 under Tennessee Code Annotated section 9-8-307(e).

The State appeals raising the single issue that the Claims Commission does not have subject matter jurisdiction of the case. Article I, section 17 of the Constitution of Tennessee provides in part: "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tennessee Code Annotated section 20-13-102(a) provides: "No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state." The impassioned and eloquent plea by Justice Henry in *Cooper v. Rutherford County,* 531 S.W.2d 783 (Tenn. 1975), remains a dissent. Sovereign immunity remains firmly entrenched in Tennessee and its basis is both constitutional and statutory. *Austin v. City of Memphis*, 684 S.W.2d 624, 637 (Tenn. App. 1984).

Regarding suit against the State which the Legislature allows, this court holds as follows:

> A statute permitting a suit against the state under the authority of Article I, Section 17 of the Constitution of Tennessee must be strictly construed and the jurisdiction cannot be enlarged by implication. *Stokes v. University of Tennessee at Martin,* 737 S.W.2d 545, 546 (Tenn. App. 1987). The state cannot be subjected to suits by individuals unless the words of the act are so plain, clear and unmistakable as to leave no doubt of the intention of the Legislature that it should be done. *Quinton v. Board of Claims* , 165 Tenn. 201, 54 S.W.2d 953, 957 (1932); *see also Brewington v. Brewington*, 215 Tenn. 475, 387 S.W.2d 777, 779 (1965).

*Daley v. State*, 869 S.W.2d 338, 340 (Tenn. App. 1993). A rule of strict

4

construction may be stated in various terms and it would seem that each court, addressing this particular question, seeks to strengthen the rule. It is difficult to add anything to the following statement of the rule which came from the supreme court more than sixty years ago:

> Article 1, section 17, of the Constitution, delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture.

*State v. Cook*, 171 Tenn. 605, 106 S.W.2d 858, 860-61 (1937).

The Tennessee Claims Commission was created by chapter 972 of the Public Acts of 1984 and the statutory universe thereof is codified as Tennessee Code Annotated section 9-8-301, *et seq.* By section 1 of chapter 105 of the Public Acts of 1985, the General Assembly provided for that which appears as the first part of Tennessee Code Annotated section 9-8-307(a)(3), including the provision: "It is the intent of the General Assembly that the jurisdiction of the Claims Commission be liberally construed to implement the remedial purposes of this legislation."

Even under such liberal construction, the case at bar cannot be brought within the jurisdiction of the Claims Commission. As this court has previously observed:

> Tenn. Code Ann. § 9-8-307(a)(3)'s liberal construction mandate does not invite the courts to engage in judicial legislation. We cannot disregard the statute's plain meaning, and we cannot extend the statute's application to circumstances not fairly included in its terms. *Mid-South Publishing Co. v. Tennessee State Univ. & Community College Sys. Bd. of Regents,* App. No. 01-A-01-9002-CH-00074, slip op. at 6, 16 T.A.M. 5-8 (Tenn.Ct.App. Dec. 19, 1990). Accordingly, we cannot create rights or establish liabilities that are not already embodied in the statute. *Rines v. Scott*, 432 A.2d 767, 769 (Me. 1981). Liberal construction signifies only that the interpretative process may produce broader coverage or more inclusive application of statutory concepts. 3 Norman J. Singer, *Statutes and Statutory Construction* § 58.02 (5th ed. 1992).

*Hembree v. State*, 1995 WL 50066 (Tenn. App. 1995), *aff'd* 925 S.W.2d 513

(Tenn. 1996).[1]

Appellee asserts that the subject matter jurisdiction of the Claims Commission in this case vests by the statute removing sovereign immunity. Specifically in its brief, Appellee states:

> Tenn. Code Ann. § 9-8-307(a)(1)(J) vests jurisdiction for those claims involving dangerous conditions on state maintained highways. This section does not exclude claims by a subrogated party. It does not exclude claims for property damage. It does not exclude claims for contribution or indemnity. To paraphrase subsection G mentioned in *Cox*, it does not state that "damages are not recoverable under this section for contribution and indemnity." The Court in *Cox* recognized the plain and unambiguous meaning of the statute. It refused, as the State contended, to arbitrarily bar claims for injuries caused by persons in the care, custody and control the State, yet allow claims for injuries to persons in the care, custody and control of the State. Similarly, Tenn. Code Ann. § 9-8-207(a)(1)(J) does not limit recovery to all claims except those for contribution and indemnity. No such language appears in this statute, and it is not implied in the language of the statute. Rather, the plain meaning of the statute is to permit such claims arising from dangerous conditions on state maintained highways.

This section does not *exclude* claims by a subrogated party. It does not *exclude* claims for property damage. It does not *exclude* claims for contribution or indemnity. Under the rule of strict construction applicable to the statutory removal of sovereign immunity, we do not have a question of "what is not excluded" but rather a question of "what is plainly, clearly, and unmistakably included." In short, Appellee seeks a liberal construction of what we are constitutionally and statutorily mandated to construe strictly.

The Claims Commission overruled the 12.02(6) motion on the basis that Northland Insurance Company was substituted, without objection by the State, as the "real party in interest." Neither the Claims Commission nor this court nor the parties to the litigation have the power to expand subject matter jurisdiction

---

[1] *State v. Cook*, 106 S.W.2d 858, 860-61 (Tenn. 1937) asserts a constitutional and indeed pre-constitution mandate of strict construction which neither the legislature nor the courts are empowered to expand and remain in conformity with the commands of Article I section 17 of the Constitution of Tennessee. As late as *Morris v. State*, No. 01S01-9804-BC-00076, 1999 WL 98965 (Tenn. 1999), the supreme court has applied the strict construction rule to Tennessee Claims Commission jurisdiction. *See also Daley v. State*, 869 S.W.2d 338, 340 (Tenn. App. 1993); *Beare Co. v. Olson*, 711 S.W.2d 603, 605 (Tenn. 1986).

in such a manner. *Stokes v. University of Tenn.*, 737 S.W.2d 545, 546 (Tenn. App. 1987).

In this case, the estate of Dion Deskovic, along with Mr. and Mrs. Sheppard and Mr. and Mrs. McGuire, had potential claims against both the State of Tennessee before the Tennessee Claims Commission, and Kenneth McDonald, Tennessee Walnut, Inc., and Grundy County Lumber Co., Inc., before the Circuit Court of Putnam County. Appellee, Northland Insurance Company was exposed to liability not because of any "dangerous conditions on state maintained highways" but because of its policy of liability insurance covering McDonald, Tennessee Walnut, and Grundy County Lumber. Appellee seeks indemnity or contribution from an alleged joint tort feasor that for good or ill is protected by sovereign immunity except where such immunity has been removed by statute. Neither Tennessee Code Annotated section 9-8-307 nor any other statute purports to waive sovereign immunity for indemnity or contribution claims. The position of Appellee is tenable only under an extremely broad and liberal construction of the statute. This court is bound by a constitutional and statutorily mandated strict construction rule.

The foregoing is dispositive of this case. It is well, however, to note that to the extent Appellee's claim involves the Uniform Contribution among Tort-feasors Act, Tenn. Code Ann. § 29-11-101, *et seq.*, there is no express statement in the statute that it is applicable to the state. Tennessee has long adhered to the rule that "[t]he general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the commonwealth are to be transferred to affected, the intention must be plainly expressed or necessarily implied." *Keeble v. City of Alcoa*, 204 Tenn. 286, 289, 319 S.W.2d 249, 250 (1958); *Davidson County v. Harmon*, 200 Tenn. 575, 582, 292 S.W.2d 777, 780 (1956); *Harrison Constr. Co. v. Gibson County Bd. of Educ.*, 642 S.W.2d 148, 150 (Tenn. App. 1982); *see also General Tel. Co. v. Boyd*, 208 Tenn. 24, 343 S.W.2d 872 (1960); *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938).

The Claims Commission is without subject matter jurisdiction of this case and the judgment of the Commission is reversed and the case dismissed. Costs

are assessed against Appellee, Northland Insurance Co., for which execution may issue if necessary.



_____

WILLIAM B. CAIN, JUDGE




CONCUR:


_____

BEN H. CANTRELL, P.J., M.S.


_____

WILLIAM C. KOCH, JR., JUDGE

8