IN THE COURT OF APPEALS OF TENNESSEE

# FILED

October 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk
**AT NASHVILLE**

| | | |
|---|---|---|
| **DANIEL L. SINCLAIR,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Tennessee Claims Commission No. 200057 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9901-BC-00018 |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE TENNESSEE CLAIMS COMMISSION
MIDDLE DIVISION

THE HONORABLE W. R. BAKER, CLAIMS COMMISSIONER, MIDDLE DIVISION

For the Plaintiff/Appellant:

William Kennerly Burger
Murfreesboro, Tennessee

For the Defendant/Appellee:

Paul G. Summers
Michael E. Moore
Meredith Devault
Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

This case involves a claim against the State of Tennessee under Tennessee's whistleblower statute. The Claims Commission found that it lacked subject matter jurisdiction and dismissed the plaintiff's complaint. We affirm.

Daniel L. Sinclair ("Sinclair"), was Associate Director for Facilities Maintenance at Middle Tennessee State University ("MTSU") from 1986 until 1993. In 1991, and again in 1992, Sinclair complained to University officials that his immediate supervisor violated safety regulations by attempting to remove asbestos-wrapped pipes and heaters from a university dormitory without using proper procedures or personnel. Sinclair's employment was terminated in 1993.

In April 1993, Sinclair filed a complaint with the Division of Claims Administration, seeking worker's compensation benefits. The claim was transferred to the Tennessee Claims Commission in October 1993. In April 1994, Sinclair amended his original complaint to add a claim under Tennessee's "whistleblower statute," Tennessee Code Annotated § 50-1-304. This statute provides:

> (a) No employee shall be discharged or terminated solely for refusing to participate in, or refusing to remain silent about, illegal activities.
>
> * * *
>
> (d) Any employee terminated in violation of subsection (a) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled.

Tenn. Code Ann. § 50-1-304(a) and (d) (Supp. 1998). Sinclair alleged that he was fired for refusing to remain silent about MTSU's alleged illegal removal of asbestos-wrapped pipes and heaters from the dormitory. Sinclair based the Commission's authority to hear the whistleblower claim on Tennessee

Code Annotated § 9-8-307(a)(1)(N), which grants the Commission exclusive jurisdiction over all monetary disputes against the State arising out of "negligent deprivation of statutory rights."

In July 1994, the State moved to dismiss Sinclair's whistleblower claim for lack of subject matter jurisdiction. It argued that Sinclair did not have a right against the State under Tennessee Code Annotated § 50-1-304 because the statute was silent regarding any application to the State, and under the doctrine of sovereign immunity, a suit may not be brought against the State absent express authorization from the Legislature. In October 1994, the Claims Commission dismissed Sinclair's whistleblower claim. The Claims Commission reasoned that it found no reference to the State of

Tennessee in Tennessee Code Annotated § 50-1-304, and that it did not find any reference to the whistleblower statute in the jurisdictional provisions of the Claims Commission statutes, Tennessee Code Annotated § 9-8-307 et seq. The Claims Commission noted the longstanding principle that statutes permitting suit against the State are strictly construed, and the State may rely on sovereign immunity unless a right of action against it "is expressly declared or necessarily implied," citing *Brown v. State*, 783 S.W.2d 567 (Tenn.App. 1989).

Sinclair's claim for worker's compensation benefits was not dismissed, and therefore the dismissal of his whistleblower claim was not appealable at that time. The worker's compensation claim was eventually settled in December 1998, without prejudice to Sinclair's right to appeal the dismissal of his whistleblower claim.

Meanwhile, in 1997, the Tennessee whistleblower statute was amended to include the State within the definition of "employers." Tenn. Code Ann. § 50-1-304(g) (Supp. 1998) (added by 1997 amendment). The effective date of the amendment was June 13, 1997. The Act amending the statute did not state whether the amendment was to be applied retroactively.

Sinclair now appeals the dismissal of his whistleblower claim. On appeal, Sinclair raises two issues. The first is whether the whistleblower statute, as it existed at the time of his termination, included state employees within its purview. The second is whether the 1997 amendment to the Act, expressly

including State employees within the whistleblower statute, applies retroactively to his claim.

Since the Claims Commission decided the issue based solely on the State's motion to dismiss, with no findings of fact, we review the matter *de novo,* with no presumption of correctness for the Commissioner's findings.  Tenn. R. App. P. 13(a); ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

Sinclair first argues that the whistle blower statute, as it existed at the time he was terminated, gives him a cause of action against the State.  He bases this on the statute's general language of " employee" and "employer."  He contends that the 1997 amendment was added by the Legislature merely to make clear its original intent that the Act include state employees within its scope.

Sinclair next argues that even if the whistleblower statute, as it existed prior to the amendment, does not cover state employees, the 1997 amendment applies retroactively to his claim. The 1997 amendment reads:

> (g) As used in this section:
> (1) "Employee" includes an employee of the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof; and
> (2) "Employer" includes also the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof.

Tenn. Code Ann. § 50-1-304(g). Sinclair contends that the amendment is remedial, merely clarifying the scope of the Act, rather than creating or affecting substantive rights. Consequently, Sinclair asserts, it applies retroactively.

While this case was pending on appeal, these issues were considered by the Eastern Section of this Court, in a similar whistleblower claim. *See Seals v. Jefferson City,* No. 03A01-9808-CV-00269, 1999 WL 349690 (Tenn. App. June 2, 1999). The plaintiff in *Seals* was a pharmacist at a hospital operated jointly by Jefferson City and Jefferson County. She was fired early in 1997 for reporting hospital violations of federal and state regulations regarding drug dispensing. Apparently Seals was terminated prior to the effective date of the amendment to the whistleblower statute. She filed a claim under the whistleblower statute, Tennessee Code Annotated § 50-1-304. *Id.* at *1.

In *Seals*, the plaintiff argued that the 1997 amendment to the statute, effective June 13, 1997, was remedial and should be given retrospective effect. To support her argument, the plaintiff noted statements by Senate and House sponsors of the amendment to the effect that the Legislature's intent in drafting the amendment had been to correct some courts' mistaken belief that it did not apply to all employees, including State employees. *Id.* at *2. Her argument mirrored both of Sinclair's arguments--that the Act as originally written was intended to apply to state, city and county employees, and that the amendment was remedial, enacted to address erroneous interpretation of the whistleblower statute, and therefore should be applied retroactively.

The *Seals* Court was unconvinced. Citing the general rule that "statutes do not apply to the State or its political subdivisions unless specifically mandated", *Id.* at *1 (citing *Keeble v. City of Alcoa*, 319 S.W.2d 249, 250 (Tenn. 1958)), the Court concluded that the original statute, silent

regarding any application to the State or its subsidiaries, did not give the plaintiff any right against her city/county employer. *Id.*

The Court noted that statutes are generally not given retrospective effect unless they are deemed remedial, procedural, or interpretive. *Id.* at *3 (citing ***Woods v. TRW, Inc.***, 557 S.W.2d 274 (Tenn. 1977) and ***Saylors v. Riggsbee***, 544 S.W.2d 609 (Tenn. 1976)). The *Seals* Court observed that a statute that disturbs vested rights is substantive, not remedial. *Id.* (citing *Saylors*). In *Seals*, the Court found that the 1997 amendment to the whistleblower statute would disturb the vested rights of the defendant in the case, and was therefore not remedial. *Id.* at *2. The Court commented on the statements by the Senate and House sponsors of the 1997 amendment:

> We seriously question whether the foregoing could be deemed legislative history because it is the statement of only two members of the General Assembly as to the intent of the members of an earlier General Assembly which passed the statute sought to be amended. In this regard we note that several jurisdictions have held that the opinions of individual legislators or the testimony of members as to the intention of the legislation enacted in a statute may not be given consideration.

*Id.* at *3. The Court in *Seals* therefore concluded that the 1997 amendment to the whistleblower statute should not be applied retroactively, and affirmed the dismissal of the plaintiff's claims. *Id.* Based on *Seals*, we conclude that the whistleblower statute, as written at the time of Sinclair's termination, was not intended to apply to the State, and that the 1997 amendment should not be applied retroactively to Sinclair's whistleblower claim against MTSU. Therefore, we affirm the Claims Commission's dismissal of Sinclair's whistleblower claim for lack of subject matter jurisdiction.

Sinclair also argues on appeal that, if the whistleblower statute is deemed applicable to his claim, the Claims Commission has jurisdiction pursuant to Tennessee Code Annotated § 9-8-307. This issue is pretermitted by our holding regarding the whistleblower statute.

The decision of the Claims Commission is affirmed. Costs are taxed against the Appellant, for which execution may issue if necessary.

                                                        _____

               _____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P. J., W.S.**

**ALAN E. HIGHERS, J.**